CATHERINE GALLAGHER *vs.* WEST END STREET RAILWAY
COMPANY.

Suffolk.    January 19, 1892. — March 29, 1892.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Personal Injuries — Negligence — Due Care — Instructions.*

A person who attempts to get upon a horse car while it is in motion after being
directed to wait until the car stops, and who persists in attempting to get on
and is injured by running against the arm of a passenger on the step of the
car, cannot maintain an action against the company owning the car.

LATHROP, J.    There were two theories as to the cause of the
accident in this case.    The plaintiff's theory was, that she mo-
tioned to the driver to stop the car, and he nodded assent; that
he then stopped the car, and she put one foot on the step of the
car, and took hold of the rail of the dasher; and that, while she
was in the act of raising the other foot, the car suddenly started,
and she was thrown down, and injured.    The defendant's theory
was, that while the car was in motion, at a place where by the
rules of the defendant company the driver had no right to stop
it, the plaintiff rushed from the sidewalk towards the car; that
the driver called out to her not to come near the car; that she
paid no attention to the warning, but attempted to seize the for-
ward part of the car with her hand; that a passenger, who was
standing on the front platform, stepped on to the step of the
car, and put out his arm to prevent the plaintiff from taking
hold of the car; that she ran against his arm, and was thrown
down and did not touch the car at all.

The justice who presided at the trial, after stating these theo-
ries to the jury, proceeded as follows:

"Now, as it has been presented on the one side and the other,
the matter of the stopping of the car is important as a question
of fact for you to determine.    What is the fact about it, as
you find upon the evidence?    Was that car stopped for the
plaintiff to get upon it as a passenger, did she get upon the
first step of the car as a passenger, and then was she thrown

down by reason of the sudden starting of the car? Or was the car moving along upon the track slowly around this curve, and, by reason of her attempt and the effort of the passenger upon the car to prevent her getting upon it, was she thrown down and injured?

" The importance of that is, that if the plaintiff attempted to get upon the car while it was in motion, the car not having been stopped for her to get on it, and she attempted to step upon it, the car being in motion, and that motion of the car threw her down, she took the risk of attempting to get upon the car while it was thus in motion, and was not in the exercise of due care if she was injured thereby.

" It is not a question what she may have thought about that car, — whether it was moving so slowly that she could get on, or whether it was moving as she looked out, she thinking that they were going to stop it when she got there, and therefore had stopped it, the question is, Was the car stopped at the time she got there for her to get on? and if not, and she attempted to get on the car while it was in motion, and that motion of the car threw her down, or the act of the third person who was there upon the car in trying to prevent her from getting on the car, she attempting to get on while it was in motion, she took the risk of what might happen in consequence of her conduct. So that, if you are satisfied on the evidence that she was attempting to get upon this car while it was in motion, and that motion threw her down, then, as I instruct you, she was not in the exercise of due care, and is not entitled to recover."

The jury were also instructed that, if the car was stopped for her to get upon it, and she stepped on the step, and then, while she was in the act of stepping, the car was needlessly started so as to throw her down, the defendant would be responsible.

The plaintiff excepted to the instructions relating to the exercise of due care on the part of the plaintiff, and now contends that the question should have been left to the jury. These instructions, however, were not given as abstract propositions of law, that a person could not be said to be in the exercise of due care who attempted to get upon a horse car while it was in motion. They were given in connection with the two theories of the case which had just been stated by the justice. So construed, we do

not see that the plaintiff has any ground of exception.    Under the instructions of the court the jury must have found that the defendant's theory of the accident was correct ; and, if so, she was not entitled to recover.    See *Nichols* v. *Middlesex Railroad,* 106 Mass. 463 ; *Cram* v. *Metropolitan Railroad,* 112 Mass. 38.

*Exceptions overruled.*

*C. G. Fall,* for the plaintiff.
*M. F. Dickinson, Jr. & H. R. Bailey,* for the defendant.