MARY J. KRONE, Respondent, v. THE SOUTH-
WEST MISSOURI ELECTRIC RAILWAY
COMPANY, Appellant.

**Kansas City Court of Appeals, January 5, 1903.**

Passenger Carriers: ALIGHTING PASSENGER: STARTING CAR:
ACT OF STRANGER: ACTION. A passenger carrier is not liable
for injuries caused solely by the acts of passengers not holding ·to
it any relation of agency; so, where a car stopped and while plaintiff
was alighting a stranger to the company pulled the bell cord causing
the motorman to start the car whereby the passenger was injured,
the carrier is not liable.

*Appeal from Jasper Circuit Court.—Hon. J. D. Per-
kins, Judge.*

REVERSED AND REMANDED.

STATEMENT BY BROADDUS, J.

This is a proceeding brought to September term,
1901, of the Jasper Circuit Court to recover damages
for injuries to plaintiff in alighting from defendant's
car (upon which she was a passenger) on August 16,
1901, at Main and Elizabeth streets in Carterville, Mis-
souri.

The facts as shown by the evidence are as follows:
That on the 16th day of August, 1901, there was a public
gathering at Lakeside Park on line of defendant's road,
some three miles east of Carterville, at which there was
a large crowd in attendance. That plaintiff and· one
Mrs. Kirksey were together and boarded the car at
Lakeside to go to Elizabeth street in Carterville; that
the car was crowded with passengers, so much so that
plaintiff, Mrs. Kirksey and a number of other passen-
gers had to stand on the back platform. That plaintiff
and Mrs. Kirksey paid their fares and notified the con-
ductor that they wanted to get off at Elizabeth street

in Carterville. That the car was stopped by the conductor at Elizabeth street; that Mrs. Kirksey got off and plaintiff was on the platform ready to alight when some one inside the car rung the starting bell and the car started up and the plaintiff fell or jumped off some twenty-five or thirty feet from where it was stopped.

Plaintiff testifies that she was in the act of alighting when the car started and she fell. The evidence on behalf of defendant shows the car is stopped at one ring of the bell and started by two rings of the bell; that plaintiff was on the platform ready to alight; that the conductor had his hand on her arm; that before plaintiff had started to step off, some one inside of the car without the knowledge or consent of the conductor, and not an employee of defendant, rung the starting bell and the car started; that the conductor had his hand on plaintiff's arm, and with the other reached for the bell cord to stop the car, at the same time telling the plaintiff to wait that he would stop the car. That the plaintiff pulled away from him and jumped or fell off about thirty feet from the starting point. The evidence also shows that plaintiff stated that some one had hold of her trying to hold her on, but she thought some one was trying to get her pocket book and she jumped off. It was also shown by the conductor that, sometimes, but not often, persons other than himself, without his knowledge or consent, gave the signal for the starting of the car.

The finding and judgment were for the plaintiff from which defendant appealed.

*McReynolds & Halliburton* for appellant.

(1) Instruction No. 8 asked by defendant should have been given, as the evidence showed that the car was stopped by the sounding of one bell and started by the sounding of two bells, that it was after dark, motorman on front end of car, conductor on rear end, and the car crowded. That some one inside the car rung the bell twice, thus giving the starting signal and starting the car. That whoever rung the starting bell was not an

employee of defendant, and that it was done without the knowledge or consent of the conductor. (2) The railway company is not liable for such act of a third party. Elliott on Railroads, secs. 1639 and 1640, and cases cited; Patterson's Railway Accident Law, page 38; Booth on Street Railways, secs. 361 and 374; Bailey v. Railway, 152 Mo. 458; Spohn v. Railway, 87 Mo. 81; Fuchs v. St. Louis, 67 S. W. 617; Fuchs v. St. Louis, 133 Mo. 168, dissenting opinion; Sullivan v. Railway, 133 Mo. 1; Sawyer v. Railroad, 37 Mo. 240.

*Redding & Owen* for respondent.

(1) The only question raised by this record worthy of consideration is the one raised by instruction No. 8, asked by appellant and refused by the court. It could not have been given as it relieves defendant company from any liability as soon as it is shown the car was started by the ringing of the bell by some one not in the employ of the company. It does not require the company to use its efforts in stopping the car, and using all reasonable efforts to prevent the injury. Until this was done the company could not be excused from negligence. Being a carrier of passengers it would be held to the highest degree of care and caution. Smith v. Railway, 108 Mo. 243; Higgins v. Railroad, 36 Mo. 418; Coudy v. Railroad, 85 Mo. 79. (2) It was the duty of the employees of the defendant company to know who gave the signal and know that it was from the proper authority before starting the car. Demmitt v. Railway, 40 Mo. App. 654; Black's Law and Practice in Accident Cases, pages 33-4, sec. 29.

BROADDUS, J.—The defendant, among other instructions, some of which were given, asked the court to give the following which was refused, viz.:

"The court instructs the jury that if they believe from the evidence that the conductor stopped the car at Elizabeth street to let Mrs. Kirksey and plaintiff get off said car, and that Mrs. Kirksey got off and before plaintiff could get off some one, not an employee of the

defendant, without the knowledge or authority of the conductor, rung the bell and gave the motorman the signal to start, and in pursuance of said signal the motorman started the car and plaintiff fell off, then there was no negligence on the part of defendant and plaintiff can not recover in this case and their finding will be for defendant.''

We can not see upon what theory the court refused said instruction, for if it was true that some person other than the conductor and not in defendant's employ gave the signal which started the car while plaintiff was attempting to get off, causing her fall and injury, it was not the result of any negligence on the part of defendant but that of a careless or mischievous stranger over whom defendant had no control. Bailey v. Railway, 152 Mo. 449; Sullivan v. Railway, 133 Mo. 1. There must be absence of care and foresight in order to make the carrier liable for an injury to a passenger. Sawyer v. Railway, 37 Mo. 240; Elliott on Railroads, sec. 1639. Railroads are not to be held liable for injuries caused solely by the acts of persons who do not hold to them any relation of express or implied agency. Patterson's Railway Acc. Law, p. 38.

The defendant complains of the action of the court in giving plaintiff's second instruction, but we think it was proper enough when taken in connection with that of defendant's numbered seven which should have been given. We see no valid objection to the others given for the plaintiff.

For the error noted the cause is reversed and remanded. All concur.