HENRY MOORE *vs.* WOONSOCKET STREET RAILWAY COMPANY.

FEBRUARY 2, 1906.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)  *Common Carriers.    Street Railways.    Evidence.*

Where defendant, a common carrier of passengers, had been allowed, without objection, to place in evidence a plan of the street where the accident occurred, showing the location of "white poles" and other details, evidence explaining the meaning of the "white poles," and their relation to the rules as to operating cars, is admissible.

(2)  *Street Railways.    Negligence.    Starting Car by Unauthorized Person.*

A common carrier of passengers by street cars is not responsible for the act of an unauthorized person in giving the signal to start a car, which had come to a full stop, while a passenger was alighting from the car, if the accident could not have been prevented by the exercise of due care after the giving of such unauthorized signal.

TRESPASS ON THE CASE for negligence.    Heard on petition of defendant for new trial, and granted.

PARKHURST, J.    This is an action of trespass on the case for alleged negligence of the defendant, whereby the plaintiff was deprived of the services and society of his wife, Catherine Moore.

It appears in evidence that on the evening of July 9, 1904, the plaintiff's wife was a passenger on one of the defendant's cars, and was injured by a fall while alighting.    The case made by the plaintiff's witnesses was that, desiring to alight, and not

being able to attract the attention of the conductor, who was in the front of the car collecting fares, Mrs. Moore pulled the bell cord herself; that the car came to a full stop and she proceeded to alight; that while she was upon the running-board, preparing to step to the ground, the usual starting signal of two bells was given, the motorman in response thereto started the car, and she was thrown to the ground. No one testified who it was who gave the starting signal, and there is no evidence that the motorman or conductor knew, or had reason to know, either that Mrs. Moore desired to alight or that she was in fact attempting to alight at the time of the accident.

On the other hand, the defendant's witnesses testified that the car was moving at a uniform speed of three or four miles per hour from the last stopping place until after Mrs. Moore fell, and that, after vainly signalling to the conductor, she voluntarily left the car while it was in motion. The motorman testified that he did not hear any signal to stop or start the car just before the accident, and the conductor testified that he did not hear any signal given to stop the car, nor was any signal to start the car given to his knowledge.

The jury returned a verdict for the plaintiff, and assessed his damages at $4,500. The defendant petitions for a new trial upon the grounds: (1) that the verdict is contrary to the evidence; (2) that the verdict is contrary to the law; (3) that the damages are excessive; (4) that the judge erred in excluding testimony offered by the defendant; (5) that the judge erred in refusing to instruct the jury as requested by the defendant; (6) that the defendant has discovered new evidence.

(1)    The defendant, by its engineer, without objection, placed in evidence a plan showing the street where the accident occurred, with its intersecting streets, track, location of "white poles," and other details, and showing various measurements of distances between "white poles," etc.

The defendant then proceeded, in the course of its testimony, to inquire of the motorman who ran the car in question at the time of the accident, "Did the company have any established stopping places on Social street?" which was ruled out, on objection by plaintiff's attorney, on the ground that the de-

fendant should not be allowed to prove its own rules as a defence in the action.    As shown by the arguments on the question of admissibility in the record, the purpose of this question was to lead up to an explanation of the meaning of the "white poles" already shown to exist, their relation to the rules as to operating cars, and to show what were the rules of the defendant as to stopping and starting cars; and that this explanation was offered for the purpose of giving to the jury full knowledge of the conditions under which this car was being run at the time of the accident, as a circumstance proper to be considered by the jury in weighing conflicting testimony as to the causes of the accident.

We think the trial court erred in excluding this testimony. It would have been proper to allow the defendant to explain fully what was the meaning of the "white poles," shown upon the plan; as this matter was left, by the exclusion of this testimony, without explanation, we can not know what would have been shown; but it left a matter of apparent importance in a state of uncertainty which may have confused the jury, and may have prejudiced the defendant's case.    The jury can not be presumed to know what the meaning of the "white poles" was, and, as they had been shown to exist, they should have been explained.

If it was the fact that these "white poles" were, by rule of the defendant, "established stopping places," at the time of the accident, it would have been competent for the defendant to show that fact, and its relation to the rules as to the stopping and starting of cars for passengers to alight or board the cars. Such evidence as to regular practice or custom has been deemed admissible and competent in several cases, where its admissibility has been questioned and when the testimony as to the cause of the accident was conflicting.    *Maisels v. Dry Dock &c. Co.*, 16 App. Div. (N. Y.) 391; *Nassau Elec. R. Co. v. Corliss*, 126 Fed. Rep. 355; *Alexandria &c. R. Co. v. Herndon*, 87 Va. 193, 199.    See also *Mitchell v. Chicago, etc., Co.*, 51 Mich. 236, 239; *Killian v. Georgia R. Co.*, 97 Ga. 727; *McCarty v. St. Louis &c. S. Ry. Co.*, 80 S. W. Rep. (Mo. App.) 7; *Washington, etc., R. Co. v. Grant*, 11 App. D. C. 107, 112; *Gallagher v.*

*W. E. St. Ry. Co.*, 156 Mass. 157; *Jacobson* v. *Transit Co.*, 80 S. W. Rep. (Mo. App.) 309, in some of which it appears that testimony of this character was introduced without objection and was treated as of importance in determining the issue of liability.

(2)   The defendant requested the court to charge as follows:

"1.   If the jury find that the car upon which the plaintiff's wife, Catherine Moore, was riding on July 9th, 1904, came to a full stop and before she had fully alighted was started upon a signal to start being given by some person not authorized by the defendant to give such signal, then the verdict must be for the defendant.

"2.   If the jury find that the car upon which the plaintiff's wife, Catherine Moore, was riding on July 9th, 1904, came to a full stop, and before she had fully alighted therefrom was started upon a signal to start being given by some person not authorized to give such signal; and if the jury further find that the accident which happened to the plaintiff, Catherine Moore, could not have been prevented after the giving of such unauthorized signal by the exercise of due care on the part of the conductor or motorman in charge of said car, then the verdict must be for the defendant."

We think the court erred in refusing to charge substantially as requested.   There was evidence from which the jury could have found a state of facts upon which these requests might be founded, and we think the principle of law involved in these requests is sound.   The charge not only does not embody the substance of these requests, but, on the contrary, says directly and positively as follows: "If the car did start from the signal or a bell, no matter who rung the bell, gentlemen, if that bell was rung and the car started, if she didn't do it, and the car did start and she was thrown, the company are responsible for it."

Although no specific exception is taken to this portion of the charge, it is manifestly in such direct contradiction of the principle of law involved in the requests above set forth, the refusal of which was excepted to, that we feel bound to take it into account in discussing them; and it shows conclusively

that the jury were erroneously instructed, in this respect. *McDonough* v. *Third Ave. R. Co.*, 95 App. Div. (N. Y.) 311; *Krone* v. *Southwest etc. Ry. Co.*, 97 Mo. App. 609; *McDonnell* v. *N. Y. etc. R. Co.*, 35 App. Div. (N. Y.) 147; *Gulf C. & S. Ry. Co.* v. *Phillips*, 32 Tex. Cir. App. 238; *North Chicago St. Ry. Co.* v. *Cook*, 145 Ill. 551, 556.

We think that the defendant's exceptions in the matters above set forth must be sustained; we therefore need not discuss the other grounds set forth in defendant's petition for new trial.

The defendant's petition for a new trial is granted, and the case is remitted to the Superior Court for further proceedings.

*John W. Hogan, and John J. Mee*, for plaintiff.

*John J. Heffernan and James H. Rickard, Jr.*, for defendant.