# CASES DETERMINED

AT THE

# January Term, 1912.

SURE, Appellant, vs. MILWAUKEE ELECTRIC RAILWAY & LIGHT COMPANY, Respondent.

*December 6, 1911—January 9, 1912.*

*Street railways: Negligence: Acts of passengers: Meddling with machinery: Injury to another passenger.*

1. Common carriers are not responsible for the lawless acts of persons not under their control, which they could not reasonably anticipate.
2. A carrier is not bound to anticipate that a passenger will intentionally meddle or interfere with the machinery of the car or train, and is not liable for injury to another passenger from such act, in the absence of any other ground of negligence. So *held*, where a boy, who was a passenger on a street car, deliberately and without authority released a brake, which was properly set, causing the handle thereof to swing rapidly around and to strike and injure another passenger.

APPEAL from a judgment of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Affirmed.*

Action for personal injuries. On the 27th day of February, 1908, plaintiff boarded one of defendant's cars standing at the east end of the North Avenue line and became a passenger thereon. The car was soon to start upon its return trip. The plaintiff was smoking and stood in the rear vestibule, as required by the rules of the company. The rear brake was set in order to hold the car in its position until it was ready to start, and the plaintiff stood very close to the handle

thereof, which is a heavy brass handle such as is usual in city street cars.    Just as the motorman started the car, or just after he had started it, a boy standing on the rear platform intentionally and without authority from the conductor, but with the idea of assisting in the operation of the car, released the brake, and either accidentally or otherwise let go of the handle, and it swung around with considerable rapidity and force, striking the plaintiff a blow in the stomach of some severity, and for which this action is brought.

The brake and its mechanism are thus correctly described in respondent's brief:

"The brake handle swings freely towards the left or anti-clockwise, but, when moved clockwise, the ratchet in the handle at the point where the handle is attached to the brake staff engages the brake staff and turns the entire staff so as to wind up a chain fastened at the lower end of the staff and under the platform of the car.    When the chain is wound up to the desired point a ratchet wheel, through which the brake staff passes, and which is keyed firmly to the staff, is engaged by a dog being pressed against the ratchet by the foot of the operator, and the staff is thus held until the brake handle is forcibly moved clockwise far enough to disengage the dog from the ratchet or until the dog is by some other method forcibly removed from the ratchet.    At all times, except when the dog is engaged, the brake handle moves freely anti-clockwise."

It was the conductor's duty to loosen this brake at about the time the car started, and the conductor testified that just as or just after he gave the motorman the signal to start he was coming out of the back door of the car to release the brake, and it was released by the boy.

The jury returned the following verdict:

"(1) Did the witness, Harold Krebs, release the brake at the time of the accident?    *A.* Yes.

"(2) If you answer question number 1 'Yes,' then answer: Was such release of the brake by Harold Krebs the proximate cause of the injury to the plaintiff?    *A.* Yes.

"(3) Ought the defendant, in the exercise of ordinary care, to have anticipated that the brake, if left in a set position, might be released by a jar or jolt caused by the operation of the car? *A.* No.

"(4) Ought the defendant, in the exercise of ordinary care, to have anticipated that the brake, if left in a set position, might be released by a person upon the car not an employee? *A.* Yes.

"(5) Was the failure of the defendant to exercise the care described in the third and fourth questions, or either of them, the proximate cause of the injury to the plaintiff?' *A.* Yes.

"(6) Was the plaintiff guilty of any want of ordinary care which proximately contributed to his injury? *A.* No.

"(7) What sum will reasonably compensate the plaintiff for the injury which he sustained? *A.* $1,000."

On motion the court changed the answers to the fourth and fifth questions from "Yes" to "No," and rendered judgment. for the defendant on the verdict, from which the plaintiff appeals.

For the appellant there was a brief signed by *Rubin & Lehr,* attorneys, and *W. B. Rubin* and *H. B. Walmsley,* of counsel, and oral argument by *Mr. W. B. Rubin* and *Mr. Walmsley.*

For the respondent there was a brief by *Van Dyke, Rosecrantz, Shaw & Van Dyke,* and oral argument by *James D. Shaw.*

WINSLOW, C. J.  The brake in question and all the machinery connected with it seem to have been of approved pattern, in excellent condition, and were absolutely essential machinery for the proper operation of the car.  So far as. appears in the case, it would not be possible to have a brake covered or so firmly fastened in position that a passenger could not release it if he deliberately endeavored to do so, and yet have it capable of instant release by an employee when the necessities of the service required.  There are nu-

merous appliances of this nature connected with the transportation of passengers by steam and by electricity as well.

The general principle often decided is that a carrier is not bound to anticipate that a passenger will intentionally meddle or interfere with the machinery of the car or train; that the meddler becomes thereby a trespasser; and if injury results to another passenger by his act the carrier will not be liable in the absence of any other ground of negligence. Carriers are rightly held to a high degree of diligence, but they are not held responsible for the lawless acts of third persons not under their control, which they could not reasonably anticipate. *McDonnell v. N. Y. Cent. R. Co.* 35 App. Div. 147, 54 N. Y. Supp. 747; *McDonough v. Third Ave. R. Co.* 95 App. Div. 311, 88 N. Y. Supp. 609; *Moore v. Woonsocket St. R. Co.* 27 R. I. 450, 63 Atl. 313; *Krone v. Southwest Mo. E. R. Co.* 97 Mo. App. 609, 71 S. W. 712. While there is some evidence in the case to the effect that passengers sometimes played with the brake, or leaned against it, or touched the dog with their feet, there is absolutely nothing in the evidence to show that a passenger was ever known to deliberately loosen it when properly set, as in this case. Had the brake here been released by accident, by reason of a passenger's striking the dog with the foot, and releasing it, or in some other purely accidental way, the question presented would be of a different character.

On the undisputed facts presented, a verdict for the defendant should have been directed, on the ground that no negligence was shown.

*By the Court.*—Judgment affirmed. .