MISSOURI, K. & T. RY. CO. OF TEXAS v. BURK.

(Court of Civil Appeals of Texas. Dallas. Oct. 19, 1912.)

1. RAILROADS (§ 351*)—CROSSING ACCIDENTS — INSTRUCTIONS — AFFIRMATIVE CONSTRUCTION.

Where, in an action for the death of plaintiff's son by being struck at a highway crossing, the court instructed that if in running the train across the street defendant's agents operated it at a greater speed than six miles an hour, contrary to ordinance, and the running of the train at such greater speed was the proximate cause of the boy's team being frightened and the resulting injury the jury should find for plaintiff, and the evidence was conflicting on the question, it was error not to grant a requested instruction presenting the negative of the issue from defendant's viewpoint.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1193–1211, 1213–1215; Dec. Dig. § 351.*]

2. TRIAL (§ 252*)—INSTRUCTIONS—REQUEST—APPLICABILITY TO EVIDENCE.

The refusal of a requested charge on questions not raised by the evidence is not reversible error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

Appeal from District Court, Hunt County; T. D. Montrose, Judge.

Action by S. C. Burk against the Missouri, Kansas & Texas Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Alex. S. Coke, of Dallas, and Dinsmore, McMahan & Dinsmore, of Greenville, for appellant. Evans & Carpenter, of Greenville, for appellee.

TALBOT, J. S. C. Burk brought this suit to recover of the appellant damages for loss of the services of his minor son, Willard Burk, and for expenses incurred in caring for his said son on account of injuries alleged to have been inflicted through the negligence of appellant's servants. In his amended petition, upon which the case was tried, the plaintiff alleged, in substance, that his minor son Willard was driving a team of mules drawing a water wagon, traveling on Washington street, in the city of Greenville, toward the crossing of appellant's tracks over said street, and that, when he was near the railway tracks, a passenger train of the defendant from the north ran over the said street and frightened the team which his son was driving, and caused it to run backward, turn around, break the wagon, and throw his son Willard to the ground and injure him; that in thus injuring his son the appellant was guilty of negligence in the following particulars, viz.: In approaching the street crossing without giving any warning or notice of the approach of the train, and by operating the engine and train over the crossing at a speed greater than six miles per hour in violation of the ordinances of said city of Greenville, "in causing and permitting the escape of steam and smoke from the engine in large volumes and making a tremendous noise" at which the team his son was driving became frightened, and in the action of appellant's watchman at said street crossing in inducing Willard Burk to undertake to cross the railway track, and also in failing to stop Willard Burk before he approached the track. The defendant answered by general denial and by pleas of contributory negligence, and that the appellee and his son refused proper medical care and treatment, and thereby aggravated the injuries and prevented a recovery. The case was tried with the aid of

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

a jury, and the trial resulted in a verdict and judgment for plaintiff for the sum of $1,000. The appellant's motion for a new trial having been overruled, it appealed. The evidence, as we understand it, in so far, at least, as it bears upon the questions discussed in this opinion, is practically the same as in the case of Missouri, Kansas & Texas Railway Co. v. Burk, reported in 146 S. W. 600, and the statement in that case of what the evidence shows is here referred to without repeating it.

The court instructed the jury in the third paragraph of the charge as follows: "Or if you believe from the evidence that as the train dashed out from behind box cars on defendant's tracks in view of the boy's team defendant's agents or servants in charge of said engine and train unnecessarily caused and permitted the escape of steam and smoke in such volumes or by making unnecessary noises caused the team to become frightened, and injured plaintiff's son as alleged," etc., and that in so doing they failed to exercise such care as an ordinarily careful and prudent person would have exercised under the same or similar circumstances and that such failure was the proximate cause of the injury received by plaintiff's son, to find for plaintiff. This charge is assailed by the appellant, and made the basis of its first assignment of error. The objections urged to the charge are, in substance, (1) that the evidence was not sufficient to authorize the submission to the jury of the question whether or not the servants of the defendant unnecessarily caused and permitted the escape of steam and smoke in such volumes, or by making unnecessary noises, as to cause the team, which plaintiff's son was driving, to become frightened; (2) that the language of the charge, to wit, "as the train dashed out from behind box cars on defendant's tracks in view of the boy's team," is upon the weight of the evidence, in that it assumes that the engine and train moved from behind the cars at a very rapid rate, when the speed of the train was a question of fact for the determination of the jury, and the charge in said respect was calculated to, and probably did, prejudice the defendant's rights. For the reasons here urged and upon evidence in all essential particulars the same as the evidence contained in the record now before us, a charge identically the same as the one in question was held by this court, in the case of Railway Co. v. Burk, supra, to be error, and especially for the first reason assigned reversible error. For a discussion of the questions and the authorities supporting our ruling see the opinion delivered in that case.

[1] The second assignment of error asserts that the court erred in refusing to give appellant's requested charge, which reads as follows: "If you believe from the evidence that plaintiff's son, Willard Burk, was not guilty of negligence in driving his team to the point where it was at the time defendant's locomotive crossed over Washington street, and if you further believe from the evidence that defendant's locomotive as it passed over Washington street was moving at a speed greater than six miles an hour, and if you believe from the evidence that the team plaintiff's son was driving took fright at the said locomotive, nevertheless, unless you further believe from the evidence that said team took fright at said locomotive because it was moving at a speed greater than six miles per hour, and that the said team would not have taken fright if the said locomotive had been moving at a speed of six miles an hour or less, then and in that event you cannot find for plaintiff by reason of the speed of the locomotive and train." The refusal of a charge similar to the one here under consideration in the case of Railway Co. v. Burk, supra, was held to be error, and for the same reasons given in that case we think the court erred in refusing to give the charge requested in this case. The jury were charged, in substance, that if they believed from the evidence that in propelling the engine and train across Washington street defendant's agents and servants operated the same at a greater rate of speed than six miles an hour, and that the running of said train at a greater rate of speed than six miles an hour was the proximate cause of the team becoming frightened and plaintiff's son injured, to find for plaintiff. We said, in effect, in Railway Co. v. Burk, above referred to, and now repeat, that the evidence being conflicting upon the question, and the court having submitted to the jury the speed of the train as a separate and distinct issue of negligence upon which alone the jury were authorized, if the same was the proximate cause of the team taking fright, to find a verdict in favor of the plaintiff, the defendant was entitled, upon proper request, to have the negative of that issue affirmatively submitted to the jury. Railway Co. v. Ayres, 83 Tex. 268, 18 S. W. 684; Railway Co. v. Conn, 100 S. W. 1019; Northern Texas Traction Co. v. Moberly, 109 S. W. 483.

[2] There are other assignments of error. Some of them present questions that are not likely to, and should not, arise upon another trial. Those complaining of the court's refusal to give certain special charges asked by appellant relating to the rights and duties of railway companies in operating their trains across public highways, and being the third, fourth, and fifth assignments, in view of the fact that the evidence was insufficient to warrant a finding that defendant's servants caused or permitted the escape of an unnecessary and unusual amount of steam and smoke, or caused the engine as it approached and passed over the crossing where the accident occurred, to make an unnecessary and unusual noise, disclose no reversible error. Should the evidence, upon

another trial, raise these issues, the charges referred to or equivalent charges should be given.

For the reasons indicated, the judgment is reversed and the cause remanded.