## FT. WORTH & D. C. RY. CO. v. TAYLOR.

(Court of Civil Appeals of Texas. Amarillo. Dec. 13, 1913. Rehearing Denied Jan. 17, 1914.)

1. APPEAL AND ERROR (§ 754*)—ASSIGNMENTS OF ERROR.

In the absence of an assignment of error to the overruling of a motion for new trial for insufficiency of the evidence, the appellate court may assume that the verdict was supported by the evidence on questions of fact, such as negligence and proximate cause.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3086–3089; Dec. Dig. § 754.*]

2. TRIAL (§ 260*) — INSTRUCTIONS ON NEGLIGENCE—REQUESTS.

Where it was in issue, in a railroad passenger's action for injuries in alighting, whether the train stopped long enough for plaintiff to alight safely, and whether the trainmen announced in plaintiff's car the part of the train from which the passengers should alight, and such issues were submitted negatively for plaintiff, they should also, on request, have been submitted affirmatively for the company.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

3. CARRIERS (§ 333*)—PASSENGERS—CONTRIBUTORY NEGLIGENCE—CARE IN ALIGHTING.

Railroad passengers must exercise ordinary care to leave the train upon its arrival

as well as to ascertain the means of exit from the coach.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1385, 1386, 1388–1397; Dec. Dig. § 333.*]

**4. CARRIERS (§ 348*)—PASSENGERS—INJURIES — INSTRUCTIONS — CONTRIBUTORY NEGLIGENCE.**

Where, in a railroad passenger's action for injuries in alighting by negligently failing to hold the train long enough and not providing sufficient exits, the evidence raised the issues whether the station was called in plaintiff's coach, and whether two doors were open for the exit of passengers, the court should have fully instructed on plaintiff's duties.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1403–1405; Dec. Dig. § 348.*]

**5. CARRIERS (§ 333*)—PASSENGERS—CONTRIBUTORY NEGLIGENCE.**

A passenger was required to use ordinary care in alighting, and, if she could have safely left the coach at the exit provided by the exercise of due care, she cannot recover if she did not do so, even though the train employés were negligent in not sufficiently designating the exits, etc.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1385, 1386, 1388–1397; Dec. Dig. § 333.*]

**6. CARRIERS (§ 321*)—PASSENGERS—INJURIES —INSTRUCTIONS.**

An instruction, in a railroad passenger's action for personal injuries from not providing sufficient exits for alighting, that if some other person not in defendant's employment informed plaintiff that she could not leave by certain doors, because they were closed, such statement did not bind defendant was not sufficiently full for not limiting the effect of such statements to the persons making them; one of the issues being whether the door was open or closed.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1247, 1326–1336, 1343; Dec. Dig. § 321.*]

**7. CARRIERS (§ 348*)—PASSENGERS—INJURIES —ISSUES—CONTRIBUTORY NEGLIGENCE.**

In a railroad passenger's action for injuries in alighting, claimed to have been caused by negligence in not furnishing sufficient exits, the evidence showed that plaintiff and her brother started to the front of the train to alight, and after going through the cars met some passengers who told them there were no doors open that way, when they went back to the coaches and again returned forward, and, while the train was in motion, plaintiff attempted to alight and was injured. The trainmen testified that there were two doors open in the front of the train, one between the day coach and smoker and one between the smoker and baggage car. *Held*, that the evidence raised the issue whether plaintiff was negligent in accepting the statement of third persons that no doors were open, when she could have alighted safely had she not relied thereon, so as to require the submission of such issue.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1403–1405; Dec. Dig. § 348.*]

**8. CARRIERS (§§ 317, 345*)—DECLARATIONS OF THIRD PERSONS.**

The statements of persons not in the employ of a railroad company as to the exits open on a passenger train which misled a passenger, causing her injury, were not admissible to show negligence by the company, in an action for such injuries, though admissible for it to show contributory negligence.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1295, 1297–1305, 1400; Dec. Dig. §§ 317, 345.*]

**9. CARRIERS (§ 315*)—INJURY TO PASSENGER —GENERAL DENIAL—EVIDENCE ADMISSIBLE.**

Under the general denial in a railroad passenger's action for personal injuries, the company could show any fact which would establish that plaintiff was not injured through its negligence.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1270, 1281, 1282; Dec. Dig. § 315.*]

**10. APPEAL AND ERROR (§ 1066*)—PREJUDICIAL ERROR—FAILURE TO INSTRUCT.**

Where the evidence made it an issue, in a railroad passenger's action for injuries from alleged failure to have sufficient exits open for alighting, whether plaintiff was guilty of contributory negligence in relying on statements by third persons that the doors were not open, failure to instruct on such issue was reversible error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4220; Dec. Dig. § 1066.*]

**11. TRIAL (§ 295*)—CONSTRUING AS WHOLE.**

The instructions must be construed as a whole.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 703–717; Dec. Dig. § 295.*]

**12. CARRIERS (§ 315*)—PASSENGERS—INJURIES —ISSUES.**

In a railroad passenger's action for injuries caused by alleged failure to have sufficient exits open, allegations of the petition that there was no door conveniently open, and that defendant did not indicate from what part of the train passengers could alight, did not raise the issue of negligence in failing to give plaintiff personal notice that there was a door open.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1270, 1281, 1282; Dec. Dig. § 315.*]

**13. CARRIERS (§ 321*)—PASSENGERS—INJURIES —INSTRUCTIONS.**

In a railroad passenger's action for injuries from alleged failure to provide and designate such exits for alighting, an instruction on negligence, using the term "safe accommodations to alight," was reasonably accurate in the use of such term.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1247, 1326–1336, 1343; Dec. Dig. § 321.*]

**14. DAMAGES (§ 216*)—INSTRUCTIONS.**

An instruction, in a personal injury action, that in estimating damages the jury could consider "the probable effect in the future upon" plaintiff's health was defective for not limiting such damages to such as were "with reasonable probability likely to result."

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 548–555; Dec. Dig. § 216.*]

Appeal from District Court, Armstrong County; J. N. Browning, Judge.

Action by R. M. Taylor against the Ft. Worth & Denver City Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Turner & Wharton, of Amarillo, and Thompson & Barwise, of Ft. Worth, for appellant. H. H. Cooper, of Houston, and J. A. Stanford, of Waco, for appellee.

HUFF, C. J. R. M. Taylor, the appellee, brought suit for damages against appellant, the Ft. Worth & Denver City Railway Company, for injuries received by his wife while

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

a passenger on one of appellant's trains. The ground of negligence alleged is that the station was not announced or opening sufficiently convenient made for the exit of passengers, the train being a vestibule one and no announcement made of the means for exit, and the train was not stopped long enough to allow Mrs. Taylor to alight therefrom in safety. The issues and facts of this case will be found more at length in the report of this case on the former appeal. 153 S. W. 355.

[1] The appellee in this case presents for our consideration the proposition that inasmuch as no assignment is presented in this court to the action of the court in overruling the motion for new trial, calling in question the sufficiency of the evidence to support the verdict, therefore it is to be assumed that appellant was guilty of the negligence alleged, and that such negligence was the proximate cause of the injury, and therefore precludes further inquiry into the assigned error. We think, in the absence of such assignment, we may infer from the verdict that there was testimony sufficient to support it, but it does not necessarily follow that error by the trial court did not "amount to such denial of the rights of appellant as was reasonably calculated to cause and probably did cause an improper judgment in the case." The appellant has the right to have the fact or combination of facts, which it contends exonerates it from liability, submitted to the jury for their consideration. If there is evidence which, if a jury believe, would exonerate it, and they are not submitted to the jury, such action is "reasonably calculated and probably did cause an improper judgment." If the cause was improperly submitted to the jury under the charge of the court, it becomes our duty, as we understand it, to examine the record and ascertain if this error "was reasonably calculated and probably did" obtain an improper verdict. If it was not so calculated, then we can treat it as immaterial. If it was so calculated, then we should reverse the case. We therefore conclude it to be our duty, even though there is no assignment assailing the verdict because of the insufficiency of the testimony, to examine the case and ascertain if appellant's right has been sufficiently protected and presented in the trial of the case.

We believe the case can best be understood by setting out the sixth paragraph of the court's charge in full: "Bearing in mind the foregoing definitions and instructions, if you believe and find from a preponderance of the testimony that the defendant's servants and employés, in charge of the train in question, neglected and failed to keep its said passenger train standing at the station at Claude a reasonable time for plaintiff's wife to safely alight therefrom, and you further believe, from a preponderance of the evidence, that the said servants and employés of defendant caused said train to be started moving before it had stood still for a reasonable time, at said Claude station, for plaintiff's wife, in the exercise of ordinary care, to safely disembark therefrom, and you further believe from the evidence that in causing said train to be started moving, at the time it was started, was negligence, on the part of defendant's servants and employés, in charge of it, as that term has hereinbefore been defined, and you further believe from a preponderance of the evidence that the plaintiff's wife, in the exercise of ordinary care on her part, in attempting to alight from said train, and without negligence on her part, was thrown to the ground and, by reason thereof, received the injuries, or any of them, in the manner and form alleged in plaintiff's petition, or if you believe from a preponderance of the testimony that defendant's employés failed to cause a convenient number of doors to be opened, on the arrival of said train at Claude, for the accommodation of the passengers desiring to disembark from and leave said train at said station, and that said servants and employés in charge of said train neglected and failed to indicate or give notice to the said passengers at what door they could disembark from said train, and you further believe, from the evidence, that the failure, on the part of said servants and employés, to inform plaintiff's wife where she could disembark from said train, and to have a door open convenient to the coach in which she was riding for the purpose, was negligence, as that term has heretofore been defined, and you further believe from the evidence that by reason of such negligence plaintiff's wife was unable, before said train started, to find an opening to disembark therefrom, and that plaintiff's wife, in the exercise of ordinary care on her part, in attempting to alight from said train, was thrown to the ground and by reason thereof was injured, as alleged, and you further believe that such negligence, if any of the defendant, was the proximate cause of the injuries received by plaintiff's wife, then you will find for the plaintiff and assess his damages as hereinafter directed, unless you find for the defendant under instructions hereinafter given you."

[2] Under appellant's first assignment of error we shall treat the second, third, ninth, twentieth, and twenty-first assignments together with the first. The appellant, by its fifth special requested instruction, asks the court to submit the issue affirmatively, which had been submitted negatively by the sixth paragraph in the main charge; that is, if the train was stopped at the station a sufficient length of time, considering all the facts and circumstances, in which to allow Mrs. Taylor time to alight therefrom in safety, and if it was announced by the employés in a reasonable manner, in the car

wherein Mrs. Taylor was riding, what part of the train passengers could alight therefrom, and if the employés were not guilty of negligence in the above respect, to find for appellant. The third special charge sought to obtain a submission of the same facts, but it does not cover all the issue. It is suggested by appellant that the issue in this case was whether the train failed to stop a reasonable time, and a finding on this issue in plaintiff's favor that it did not stop long enough necessarily included a finding against appellant's contention that it did stop long enough, and that it was useless to present the issue in a different form, and they further assert, "Jurors should be credited with having some common sense," and so with reference to opening the door for departure therefrom.

The facts in this case presented the controverted issue whether the train was stopped at the station a time reasonably sufficient to permit Mrs. Taylor to alight therefrom, whether there was a door open sufficiently convenient to admit her exit therefrom, and whether the acts of appellant's servants with reference thereto were negligent. The court told the jury, if appellant was negligent in the particulars charged, to find for appellee. If, however, they had found there was no negligence in the particulars charged, they are not instructed what to do. Where, as in this case, testimony leaves the issue to be determined doubtful, owing to its nature or the conflict of testimony, each party has the right to request the court to submit to the jury that phase of the case favorable to them and to request the consideration from their side of the question. In testing the correctness of the charge requested and that given, where the evidence is conflicting or the issues are conflicting arising upon the testimony, the charge must give each party the benefit of the hypothesis that his testimony is true. The question here presented has been submitted in different forms in various courts. It can be said usually that, if the jury find an injury resulted from negligence, such a finding excludes the idea that there was no negligence. Usually the question arises upon the question that some other cause than that of negligence produced the injury. Railway Co. v. Dawson, 34 Tex. Civ. App. 240, 78 S. W. 235; North Texas Traction Co. v. Moberly, 109 S. W. 483; Railway Co. v. Burk, 150 S. W. 748; Id., 146 S. W. 600; Railway Co. v. Ayres, 83 Tex. 268, 18 S. W. 684. This ground of itself perhaps is not sufficient to require a reversal. It appears, however, to be the established doctrine of the courts of this state in a case of this kind, where such charge is requested, to require it to be given. We perhaps could say that no injury is shown in the refusal of the above charge, but we believe the trial court, in submitting the case to the jury, should observe the rule. It can work no hardship

and is much the safer practice. It is simple justice to tell the jury if a sufficient and reasonable stop was made, and a door open for exit, reasonably convenient for the passengers, that they ought to find for the defendant. The jury should have been told what to do if they so found the facts and appellant given the benefit of the hypothesis that his testimony was true. The eleventh specially requested charge sought to have the jury instructed that it was the duty of Mrs. Taylor, on arrival of the train at the station, to exercise ordinary care to ascertain from what door of the train she could disembark therefrom, and by the seventh special charge contributory negligence is submitted to the jury, based upon her failure to exercise ordinary care so to ascertain. In the main charge the court instructed substantially that if Mrs. Taylor used ordinary care to disembark and ordinary care in attempting to alight from the train, and if the jury then found the other necessary facts, to find for appellee. The issue is raised by the testimony of appellant, as well as that of the appellee, that the station was called in the coach in which Mrs. Taylor was riding; also the issue presented by the facts that two doors were open for the exit of the passengers.

[3] It was the duty of Mrs. Taylor to exercise ordinary prudence and care to leave the train upon its arrival at her destination, and also to ascertain the means of exist.

[4] The peculiar state of facts in this case requires the court to clearly instruct the jury the duties resting on Mrs. Taylor. If she failed to exercise ordinary care in preparing to leave the coach and in ascertaining the exit by which she should leave, she could not recover, if that was the cause or contributed proximately to her injury.

[5] Of course she was also required to use ordinary care in alighting. If, by ordinary care, she could have left the coach at the exist provided in safety, and she did not do so, even if appellant's servants were negligent, a recovery could not be had. Railway Co. v. Walden, 46 S. W. 87; Railway Co. v. Bagby, 127 S. W. 254. Appellant also sought to have the court instruct the jury as requested in the eighth and fourteenth specially requested charges.

[6] We do not approve the forms of charge 14, and think it not sufficiently full as to the law applied to the facts. It was to the effect if the jury should find that some other party not in the employment of appellant informed Mrs. Taylor that she could not leave by certain doors, because they were closed, such statement was not binding upon appellant. If such statements were made, their effect should have been limited to the parties making them. One of the very questions in this case was whether the door was open or closed.

[7] By the eighth requested charge, appel-

lant sought to have submitted the question that if Mrs. Taylor relied upon such statements by third parties that the doors were closed, and that she was guilty of negligence in taking this advice, and, if she had not acted upon such advice, that she could have alighted from the train after it stopped in safety, and that such doors were open, and that such negligence contributed proximately to her injury, to find for appellant. These charges were refused. The appellant specifically alleged this act of Mrs. Taylor as contributory negligence. The court nowhere in the main charge submitted this question to the jury. The evidence raises this issue. Mrs. Taylor and her brother started to the front of the train for the purpose of making their exit, and after going through the cars met some passengers who told them there were no doors open that way, whereupon they turned and went back through the coaches, and after doing that they again returned to the front, and by that time the train was in motion, and while so in motion Mrs. Taylor attempted to alight, and the injury was inflicted of which she complains. The conductor and brakeman testify that there were two doors open, one between the day coach and the smoker and one door between the smoker and the baggage car.

[8] The declaration or statements of persons not in the employment of appellant were not admissible to show negligence on the part of appellant. It is held by a number of decisions that the company is not liable for the acts or declarations of persons not the employés of the railway company. Dumas v. Railway Co., 43 S. W. 908; Railway Co. v. Woods, 15 Tex. Civ. App. 612, 40 S. W. 846; Krone v. Railway Co., 97 Mo. App. 609, 71 S. W. 712; Railway Co. v. Farrell, 31 Ind. 408. The testimony was admissible for appellant but not against it, and therefore the court should have directed the jury's attention to the purpose for which they could consider it, and that it could not be considered against appellant. If Mrs. Taylor did not use ordinary care in heeding the directions by others, when, if she had continued, she could have found an open door and quit the train in safety, then clearly appellee could not recover if this was such negligence on her part as to cause or proximately contribute to her injury; she yet could not recover even if the servants of appellant had been negligent as alleged. This specific act on her part was pleaded by the appellant as contributory negligence on her part. The facts raise the issue and should have been presented to the jury for their consideration.

[9] Under the general denial, appellant had the right to show and have presented to the jury any fact, or group of facts which would show that it was not through its negligence that Mrs. Taylor was injured. Railway Co. v. Foth, 101 Tex. 133, 100 S. W. 171, 105 S. W. 322; Yellow Pine Oil Co. v. Noble, 101 Tex. 125, 105 S. W. 318; Railway Co. v. Washington, 94 Tex. 510, 63 S. W. 534; Railway Co. v. Johnson, 100 Tex. 237, 97 S. W. 1039; Railway Co. v. Hall, 98 Tex. 480, 85 S. W. 786; Railway Co. v. Johnson, 98 Tex. 76, 81 S. W. 4.

The evidence in this case raised the issue: (1) That the train was stopped at the station a reasonable length of time in which Mrs. Taylor could have left the train in safety; (2) that there were doors open sufficiently convenient to have permitted Mrs. Taylor to leave the train, and that that fact was announced to the passengers; (3) that Mrs. Taylor's delay in departing from the train was not occasioned by the failure of appellant's servants to perform their duty with reference to stopping the train a reasonable length of time and in opening doors for the departure of passengers, but that the failure of Mrs. Taylor to leave the train was occasioned by the wrong direction of third parties or their unauthorized declaration as to the doors being closed. These questions all arose and could have been submitted under a general denial, and the court should, upon proper request by appellant, submit the issues thereby raised to the jury. If the jury should find that Mrs. Taylor did not leave the train on account of appellant having failed to perform its duty with reference to stopping the train and opening the doors but on account of the statement of third parties, the appellant would not be liable. If Mrs. Taylor was negligent in heeding the declarations of third parties which caused or contributed proximately to her injury, then appellee could not recover even if appellant's servants were negligent.

[10] We think these issues were sufficiently called to the attention of the trial court by the requested charges, and the court was in error in refusing to submit such issues, and that such refusal was material error and will reverse this case. Under the law as now amended, the court has all the special charges from which to prepare his charge before reading to the jury. We do not indorse the charges presented as being accurate in form or as being quite accurate in their application of the law to the facts, but they were sufficient to require a submission of the issues mentioned. Assignment 1, 2, 3, 9, 20, and 21 will be sustained under qualifications above set out. It is urged that the questions here involved were presented on the former appeal. The declaration of third parties was not. The hypothesis of the truth of appellant's evidence offered to disprove negligence was perhaps presented on the former appeal and overruled. We have, since passing on the former appeal, had occasion to investigate the question in the Finklea Case, 155 S. W. 612, and reached the conclusion that such should be given when requested, quoting from the Moberly Case, 109 S. W. 483. It has been held by the courts that it is proper to give affirmatively the defense aris-

ing upon the testimony of the defendant (Klatt v. Houston Elec. Street Ry. Co., 57 S. W. 1112; Smith v. Whiteside, 39 S. W. 381; Western Union Tel. Co. v. Andrews, 78 Tex. 305, 14 S. W. 641; Railway Co. v. Renfro, 83 S. W. 21; San Antonio Machine Co. v. Campbell, 110 S. W. 770), and by a number of cases it has been held that the affirmative of the negative issue should be presented. We so understand our Supreme Court to have held in a number of cases, among which may be cited Yellow Pine Oil Co. v. Noble, 101 Tex. 125, 105 S. W. 318, Railway Co. v. Johnson, 100 Tex. 237, 97 S. W. 1039, and others which could be cited. In this case the court presents negligence on the hypothesis that appellees' testimony is true. While, if the jury believe the testimony offered by appellant to show no negligence, there is no presentation of a hypothesis that, if such testimony was true, they should find for appellant.

The fourth, fifth, sixth, fourteenth, sixteenth, and twenty-second assignments all complain of the sixth paragraph of the court's main charge. It is urged in various forms and ways that the court instructed the jury that it was the duty of appellant to give Mrs. Taylor personal notice and direction as to leaving the train. The charge, as we read it, submitted the issue to the jury as to whether the failure to stop the train a sufficient length of time, and whether a door was open sufficiently convenient for exit, was negligence, made appellant's liability turn on the question of negligence. The appellant detached several phrases from their connection in the charge and assigned error on the ground that the charge assumes that appellant was negligent and that Mrs. Taylor's injuries were occasioned by such negligence.

[11] We do not think the charge subject to the criticism when the entire paragraph is read with its proper connection. Detached portions and excerpts from it may be made to have the meaning contended for by appellant, but it must be taken as a whole. The other questions presented by appellant, we think, have been sufficiently answered by this court on the former appeal.

[12] The seventh assignment complains of the action of the court in refusing the fourth special charge. There was no issue presented that appellant was negligent in failing to give Mrs. Taylor personal notice that there was an open door by which she could leave the train. The allegation in the petition is that there was no door open convenient and in not announcing or indicating from what part of the train passengers could disembark. The court only submitted the question, under all the facts stated, whether appellant was negligent. He did not submit that, if Mrs. Taylor was not personally notified, negligence could be founded thereon. We think, under the issues submitted and the facts in this

case, there was no necessity for the charge requested. The assignment is overruled.

The tenth and eleventh assignments of error are overruled. The court's charge, eleventh paragraph, is substantially the same as special charge No. 2, requested by appellant. The charge of the court is not, in our opinion, subject to the meaning sought to be placed on it by appellant and is in fact substantially the charge requested by appellant.

The twelfth assignment further complains of the eleventh paragraph, because it is asserted it assumes that, if appellee's wife's health was worse after the fall than before, the jury must find such condition "resulted directly and proximately, in whole or in part, by reason of such fall," and that such condition resulted from negligence on the part of appellant. This would be a strained construction to place on the charge. This charge was in part the rule given the jury by which they would measure the damage. They had been theretofore instructed, in order to find for appellee, they must find that the appellant was negligent in the particulars mentioned, and, under the rule given them for measuring the damages, the jury were told, if under the above charges they found for appellee, then the measure of damages given would be the compensation. This assignment is overruled.

The thirteenth and fourteenth assignments are overruled. We do not think the fourth and eighth paragraphs of the court's charge subject to the construction placed on it by the appellant. The propositions of law asserted by appellant are in the main correct, but we do not think apply under the facts of this case. It was not necessary to apply them here as asserted by appellant.

[13] We regard the verbiage of the charge in the use of the term "safe accommodations to alight" as reasonably accurate. While it may not convey with the exact nicety and discrimination upon which appellants insist, we must confess, as for us, it would be hard to select a more appropriate one. We can at least say we think the jury were not at all likely to misunderstand the issues involved and would not be misled thereby.

The seventeenth assignment of error is overruled. We do not think the tenth paragraph assumes that appellant was negligent. The charge must be read as a whole. Appellant disconnects an isolated phrase and detaches it from its connection in the charge. We think the charge considered as a whole, considering the purposes for which it was given, is a proper one.

[14] In the eighteenth assignment complaint is made to the twelfth paragraph of the court's charge, and the nineteenth assignment to the action of the court in refusing the thirteenth specially requested charge. In the charge on the measure of damages, given by the court, the jury were told that in estimat--

ing damages they could take into consideration "the probable effect in the future upon her health." Appellant asserts that appellee was entitled to recover only such damages "as are with reasonable probability likely to result." The Supreme Court in the case of Railway Co. v. Powers, 101 Tex. 161, 105 S. W. 491, said that a question asking for an opinion from a physician as to the probability of epilepsy resulting from injury was improper, citing the case. of Railway Co. v. Harriett, 80 Tex. 83, 15 S. W. 559, where it was said: "We think the evidence should show that there is a reasonable probability of the occurrence of future ill effects of the injury, and that it need show no more in order to justify the jury in considering future consequences in estimating damages." We take it from these authorities the charge was defective in the particulars complained of, and the requested charge on that point should have been given. It is contended by appellee that the charge given and the charge refused became harmless, since there is no complaint of the amount found by the verdict. This is perhaps true. Railway Co. v. Sears, 155 S. W. 1003. But, as the case will be reversed, we thought it proper to direct the trial court's attention to this error. We also cite the case of Railway Co. v. Paschall, 41 Tex. Civ. App. 357, 92 S. W. 446.

The twenty-third assignment complains of certain remarks made in the closing argument by counsel for appellee. We will not discuss this assignment as the question is not likely to occur upon another trial.

We have gone over the assignments as carefully as we could and have suggested our views thereon. For the errors pointed out, the case is reversed and remanded.

HENDRICKS, J. Upon a former appeal of this case, and in the record of same, there was presented by the appellant, the Ft. Worth & Denver City Railway Company, an assignment based upon the following requested special instruction, refused by the trial court: "Gentlemen of the Jury: You are charged that if you believe and find from the evidence in this case that the employés of defendant exercised that decree of care, as the same is defined in the court's main charge (as defined in reference to the acts or omissions, if any, of defendant's employés), in announcing what doors or vestibules of said cars and train that plaintiff's said wife and passengers should alight from, if you find they did so, and in opening a sufficient number of said doors and vestibules for plaintiff's wife to alight from, if they did so, and in stopping said train at Claude a reasonable length of time to allow plaintiff's wife to get off of it, if you find they did so, then under such circumstances you will find a verdict for defendant company, although you may believe plaintiff's wife sustained the injuries as alleged by plaintiff." This charge is an affirmative presentation of what is

termed as the negative side of the issue with reference to matters of exculpability of the defendant. It is noted that the reversal of this cause upon the former hearing was in reality based upon another requested instruction which was refused by the court, which was an affirmative presentation of an independent fact and inference therefrom,· constituting a warning to her not to jump from the train, presenting an independent substantive defense, the refusal of which this court concluded there was positive error, and which has always been the law, of course; that is, where there is an independent, substantive, defensive issue arising upon the facts in any case and properly presented, often in negligence cases, where contributory negligence is requested. For example, a failure to pursue a safer course under circumstances where a more dangerous course of conduct is manifested by the plaintiff, and which proximately contributes to his injury, or intoxication by the plaintiff, on account of which he fails to exercise ordinary care, and as a result of which there is a proximate contribution to his injury, and, as in this case, upon a former appeal where the facts presented the issue of a warning by another passenger to the woman, who nevertheless jumped from a moving train, and the issue was ignored ·by the trial judge, the former illustrations of some one fact or combinations of facts suggestive of an appropriate presentation ·of substantive defense in behalf of the defendant.

This is different in a sense from the cases where the defendant presents a fact· or a combination of facts to prove that instead of being guilty of negligence he in reality exercised ordinary care, and the writer confesses that he has been impatient with the doctrine relative to an affirmative presentation of the negative side of the case often arising where negligence is presented to the jury in a court's main charge; that is to say, if the defendant is charged with negligence relative to the presentation of a certain issue, based upon the defendant's acts or omissions, and a request is made by the latter to the trial court to present affirmatively that he in reality exercised ordinary care (this has heretofore presented to my mind quite a strained construction upon the part of the higher courts as to the consequences of an omission of a trial court, causing retrials, where error, if committed, had been entirely harmless), a jury is charged, if you find negligence and it is the proximate cause of the injury, to find for the plaintiff. The defendant requests a charge, if you find that the defendant exercised ordinary care with reference to the matters complained of, to find for the defendant. That has seemed to me to be tantamount to saying that if a trial court were to request a jury that, if you find that a man was sitting upon a box at a certain time and at a certain place, certain results would follow in favor of this

plaintiff, to then request that if you find that said individual was not sitting upon a certain box at a certain time to find for the defendant was rather absurd to say that it is reversible error, and placed a premium upon the ignorance and understanding of jurors, and was in reality a fictitious rule, if it existed, and carried too far the results of omission of the trial court, and placed too much stress upon same, and adding to the reversal of causes upon such grounds.

Where a case is presented and plaintiff attempts to prove acts of negligence, and the defendant does not affirmatively attempt to prove affirmative acts manifested by him, exhibiting ordinary care, but relying merely upon the weakness of defendant's proof of negligence and not upon any affirmative presentation of testimony showing that he exercised ordinary care, I am in doubt whether the Supreme Court in that kind of a case has ever held that a denial of a requested instruction constituted error, and this is where the writer has not sufficiently grasped the subject; but where the defendant presents specific testimony that he exercised ordinary care, as in this case, relative to the acts charged, and presents an affirmative requested instruction with reference to ordinary care upon his side of the case, based upon his testimony, as any other substantive defense, either upon an isolated or a combination of facts presented in a record, may be an entirely different question; and, as to the presentation of such an issue, the Supreme Court, in the case of Yellow Pine Oil Co. v. Noble, 101 Tex. 125, 105 S. W. 318, has extended the doctrine to a considerable limit, as the general charge in that case, in a general way, presented the same defense, based upon the affirmative presentation of the issue for the defendant, which, however, it having been pronounced by the Supreme Court, I am not in the slightest either criticising or condemning. My reference to this matter is that the specially requested instruction upon the former appeal in this case, set out by me, should have been noticed in the opinion of this court, at least to the extent of a direction to the trial court that it would be better to give such charges than to refuse them. It had no effect, it is true, with reference to the reversal of this cause upon this appeal, for the reason that this case is specifically reversed upon the presentation of independent defenses, brought forward and presented in this record by the defendant under its assignments specifically pleaded and presented and which were not in the former appeal of this case. The presentation of the requested instruction, which I copy, on the proposition of ordinary care by the defendant, and in the former appeal of this cause, as stated, and refused by the trial court, was regarded in the nature of harmless error and in a sense a wrong doctrine, and with reference to which the writer desires to say that he

was in error and heartily agrees with the opinion of the Chief Justice in commenting upon a similar charge, much more extended, however, presented in this record; the cause, however, specifically reversed upon other grounds.