Western Union Telegraph Company v. W. M. Andrews.

No. 2875.

**1. Failure of Court to Charge Upon a Defense.**—Where the testimony tends to show facts which if found constitute a complete defense, the defendant is entitled to have a special charge upon such issue, and a refusal to give such charge is reversible error where the general charge fails to present clearly the law upon such issue.

**2. Facts Not Showing Injury.**—See facts showing no causal connection between the negligence shown and the injury complained of.

Appeal from Hunt.    Tried below before Hon. H. O. Head.

This suit is brought by the appellee, W. M. Andrews, to recover of the appellant $5000 actual and $5000 exemplary damages arising from a delay in the delivery of a message sent by appellee to T. G. Andrews, at Jacksonville, Texas, on the 23rd day of January, 1888.

Andrews then resided at Greenville, Texas, and received from Jacksonville, Texas, on the 22nd day of January, 1888, a message from W. M. English, as follows: "Come on first train. Your mother fell dead." Appellee took the first train leaving Greenville for Jacksonville. Appellee's pleading shows that his mother was buried before the first train leaving Greenville for Jacksonville reached the latter place.

Prior to leaving Greenville for Jacksonville he wired to his brother, T. G. Andrews, at Jacksonville, "I will be there to-night." This message appellee claims was promptly transmitted from Greenville to Jacksonville, reaching there a few minutes after 10 o'clock a. m., but was not delivered until about 4 o'clock in the evening of the day on which it was sent; that had said message been promptly delivered his relatives would have waited for appellee's arrival before burying his mother, and from failure to deliver this message in proper time he was prevented from being at his mother's burial, and has by reason thereof suffered greatly in mind, etc.

Appellant answered by (1) general demurrer, (2) special demurrer as to the claim for exemplary damages, and (3) by general denial.

The trial resulted in a judgment for Andrews for the sum of $250, interest, and costs. The defendant appealed.

*Stemmons & Field*, for appellant.—1. The court erred in refusing the special charge asked by defendant: "If you find and believe from the evidence that the message from W. M. Andrews to T. G. Andrews was delivered to him prior to the burial of Mrs. Anna Andrews, and the relatives of Mrs. Anna Andrews, notwithstanding the delivery of said message, buried her, then you are instructed that plaintiff can not recover the damages claimed by him for being denied the privilege of being present at the burial of his mother."

2. The verdict of the jury is against the evidence in this, that the evidence showed that the message was delivered prior to the arrangements

for burial that evening.    Mrs. Andrews was buried before the first train leaving Greenville could reach Jacksonville; the burial was had with full knowledge that plaintiff was coming on the train he had been requested to come on, because, as proven, of the threatening weather and uncertainty of the train.

*Perkins, Gilbert & Perkins*, for appellee. — It is not error to refuse a special charge asked if it has been substantially and correctly submitted in the court's general charge.    The court in its general charge uses this language:·  "But if you do not believe from the evidence that defendant was guilty of negligence as aforesaid in transmitting said message, or if negligent you do not believe that such negligence was the proximate cause of said burial taking place before plaintiff's arrival, or if you believe that such burial would have been made before plaintiff's arrival, even though said message had been delivered at the proper time, if it was not so delivered, you will find for the defendant." Railway v. Medaris, 64 Texas, 92.

HOBBY, Judge.—There is error, we think, in the judgment rendered in the court below.    W. M. Andrews, the appellee in this case, resided in the town of Greenville, Texas.    His mother died in the town of Jacksonville, Texas, on the 22d of January, 1888, a few minutes after 5 o'clock in the evening.    At about 11 o'clock that night he received the following message, sent from W. M. English from Jacksonville: "Come on first train.    Your mother fell dead."    The first train which could have taken him to Jacksonville after the receipt of the message left Greenville between 4 and 5 o'clock p. m. on January 23 and reached Jacksonville at 10 o'clock p. m. on the same day.    This train he took and arrived at Jacksonville at 10 p. m.

Before leaving Greenville he sent through appellant's agents the following message to his brother at Jacksonville: "I will be there to-night." This message reached that place about 10 o'clock on the morning of January 23, and was delivered to his brother on the same day about 4 o'clock p. m., and prior to the burial of his mother and about the time preparations were being made to start with the body to the cemetery.    The burial, however, was not delayed, but took place about five hours before Andrews arrived at 10 o'clock p. m.    Such are the facts, in substance, on which this suit was brought by him against the appellant to recover $5000 actual and $5000 exemplary damages resulting from the delay on the part of appellant in delivering appellee's message to his brother announcing his intention to arrive at Jacksonville that night, and by reason of which he was prevented from being present at the burial of his mother.    The right to recover is predicated on the claim that if the telegram had been delivered earlier the burial of his mother would have been postponed until his arrival, and that having been delivered on the 23d January at about

4 o'clock p. m. it was too late to postpone said burial, and he was deprived thereby of the privilege of being present at such burial.

There was a verdict and judgment for appellee for $250. This judg- is before us on appeal.

Several errors are assigned. We do no not think it necessary to consider each of them. Among them is the third, which complains of the refusal of the court to give this charge: "If you find and believe from the evidence that the message from W. M. Andrews to T. G. Andrews was delivered to him prior to the burial of Mrs. Anna Andrews, and the relatives of Mrs. Anna Andrews, notwithstanding the delivery of said message, buried her, then you are instructed that plaintiff can not recover the damages claimed by him for being denied the privilege of being present at the burial of the mother."

Although the court may have in general terms submitted the question contained in the foregoing instruction, the facts of this case required that it should have been pointedly presented to the jury, as indicated in the requested charge.

The sufficiency of the evidence to support the verdict and judgment is questioned by the last assignment.

It is unquestionably beyond controversy that at the time of the receipt by appellee of the message, at 11 o'clock at night of January 22, announcing his mother's death he could not under any circumstances disclosed by the proof have reached Jacksonville before 10 o'clock on the night of January 23. This was a fact as obvious to those sending the message as it was to him. Yet his relatives at Jacksonville made all the necessary preparations for the funeral and buried his mother about five hours prior to the earliest period of time they knew it was possible for him to arrive.

The message announcing his coming was received by his relatives before the burial, and it could have been postponed until he arrived. This, however, was not done by those who alone possessed the right.

Whatever damage he sustained was, we think, occasioned manifestly by the failure of his relatives to postpone the burial until his arrival. Under such facts it can not be seriously insisted that appellant is liable.

We think the judgment should be reversed and remanded.

*Reversed and remanded.*

Adopted October 28, 1890.