## JOSEPH H. HOOPES v. GEORGE H. EAST.

Decided November 24, 1898.

**1. Pleading—Damages—Negativing Contributory Negligence.**

An allegation in a complaint by a tenant against his landlord for breach of contract, that the landlord failed to furnish seed rice of the quality called for by the contract, is sufficient without an averment negativing plaintiff's negligence in not procuring such seed as the contract calls for.

**2. Measure of Damages—Failure to Furnish Good Seed.**

Damages arising from a breach of contract by lessor in failing to furnish to the lessee the quality of seed rice called for by the contract is the difference between the value of the crop raised and the crop which would have been raised if the seed furnished had been of the required quality.

APPEAL from Jefferson. Tried below before Hon. STEPHEN P. WEST.

*Ford & Crawford,* for appellant.

No brief for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—This appeal is submitted upon the transcript and brief of appellant, there being no brief for appellee. The nature and result of the suit is thus stated by appellant:

"This is an action by Geo. H. East, the manager and superintendent of the rice farm of Jos. H. Hoopes, against the said Hoopes for damages alleged to have been sustained by the appellee, East, by reason of the failure of the appellant, Hoopes, to comply with the terms of a certain contract entered into by the said East and Hoopes."

The petition was filed on the 21st of April, 1897, and alleged in substance that on the 28th of December, 1895, the appellee, East, and appellant, Hoopes, made and entered into a contract of lease whereby the appellant agreed to lease a certain rice farm containing 200 acres more or less to appellee, and by the terms of which the appellee agreed to plow, disc, and sow same in rice, and to furnish men, tools, teams, etc., necessary to cultivate and harvest the crop to be raised thereon, and to do in short all things necessary to the cultivation, raising, and harvesting and delivering to appellant's warehouse the best possible crop of rice consistent with good husbandry. The appellant agreed to furnish "if possible at a fair price good and sufficient seed rice," and they were to share and share alike the entire crop of rice from the said 200 acres of land.

The appellee, after alleging a full and faithful compliance with all the terms of the contract on his part, charges the appellant with a failure to carry out his obligations thereunder in one respect, to wit, that he failed to furnish the appellee with "good and sufficient seed for planting the said field," but that he (the appellant) furnished inferior seed from which only inferior rice could be and was grown and harvested, to wit, rice worth $3.20 per barrel, alleging that whereas if appellant had furnished seed according to the contract he would have raised rice worth $5 per barrel, and that the appellee was thereby damaged in the sum of $781.20, the appellee's share of the alleged excess.

The appellee further alleges that on or about the 15th of January, 1896, the appellant entered into a certain verbal contract with him (the appellee) to lease him another certain field containing sixty-four acres of land, under which the appellee was to furnish all men, tools, teams, etc., necessary to plant, cultivate, and harvest a crop of rice thereon, using his best skill and judgment in all things necessary to successfully

raise a rice crop on said tract of land. That the appellant was to construct all canals and levees necessary to control water sufficient to flood said sixty-four acres of land for the purpose of growing a rice crop thereon, and that after such canals, levees, etc., were so constructed the appellee was to keep the same in good repair and apply the water at the proper time and season on the growing crop.

The appellee, after averring diligent and faithful performance by him of every part and parcel of his obligations, charges the appellant with a failure and refusal to perform his part of the agreement, in that he did not construct such necessary canals, twin levees, etc., as were necessary for the successful flooding of the said sixty-four acres tract of land, whereby the appellee failed to harvest any crop on said sixty-four acres, alleging that if appellant had properly constructed twin levees so as to furnish water to the sixty-four acres of land, that he could and would have produced ten barrels of rice to the acre, and that appellant's failure to so properly construct such twin levees so as to furnish water to said sixty-four acres of land was the direct and proximate cause of appellee's failure to make rice on said sixty-four acres of land, to his loss and damage in the sum of $1324, alleging his total damage on the two fields to be $2105.05.

Appellee's petition concludes with a duplicate copy of the contract entered into by appellee and appellant on the 28th day of' December, 1895, on an alleged breach of which the appellee bases the first count in his petition, in which he charges a failure by the appellant to furnish "good and sufficient seed rice."

The appellant answered on the 22d of May, 1897, by first amended original answer:

First. By general demurrer.

Second. By special exception to all that part of appellee's petition which seeks to recover damages for the alleged failure of appellant to furnish good and sufficient rice seed to plant the 157 acres of land, and to the allegations in connection therewith to the effect that he would have been able to have sold the rice raised for $5 per barrel if appellant had furnished other and better seed rice than was furnished, because such allegations are too remote, speculative, and contingent, and too difficult of reasonable ascertainment to form the basis for damages.

Third. By special exception to all that part of appellee's petition seeking to recover damages for an alleged failure of appellant to furnish the necessary means by which appellee could supply the sixty-four acres of land mentioned in the second and last count in appellee's petition; because the measure of damages there set out is based on alleged losses which are too remote, speculative, and contingent to be capable of reasonable ascertainment.

Fourth. By averring that if the appellee did suffer damages as alleged (which is not admitted but specially denied), that the same were the direct result of the negligence, mismanagement, and carelessness of appellee, and by a failure on his part to carry out his part of the contract set

out in appellee's petition, and by a failure on his part to carry out and perform his duties under another contract in writing, made and entered into by and between the appellee and appellant on the same day on which they executed the contract set out in appellee's petition, which contract was intended as part and portion of the same transaction and in pursuance of the same common purpose and design, which contract is set out in appellant's answer.

Fifth. By general denial of each and every allegation in appellee's petition, save that alleging the execution of the contract attached to appellee's petition and marked "Exhibit A."

Sixth. Appellant pleads in reconvention against the appellee, alleging damages in the sum of $3886.55 sustained by reason of the appellee's failure to prepare and cultivate the ground properly on the 157 acres of land, and by reason of the failure and refusal of the appellee to sow in rice a portion of the 200 acres, and a certain portion of the 600 acres of land which he (appellee) obligated himself to so do.

The appellee filed a first supplemental petition on the 24th of May, 1897, replying to appellant's answer, first, by general exception; second, by general denial except as to the facts admitted in appellee's petition.

The case was tried by a jury at the December term of the District Court of Jefferson County, before the Hon. Stephen P. West, and a verdict and judgment were rendered for the appellee, East, allowing him $322.02 on the first count and $469.55 on the second count in his petition. Motion for a new trial was made, overruled, and notice of appeal given in open court.

Our conclusions of fact from the evidence are: That the contract set out in the petition, and on which the plaintiff's first count is based, was made in writing between the appellant and appellee on the 28th of December, 1895, as alleged by plaintiff; and that the plaintiff (appellee here) complied on his part with the terms of said contract; and that while the evidence is conflicting on the issue as to whether the appellant complied with the provision of said contract, by which he bound himself to furnish appellee, if possible to do so, good and sufficient seed rice for planting the land leased, the evidence is sufficient to sustain the finding of the jury that the appellant did not comply with the contract, and that the appellee, under the circumstances existing at the time of the delivery of the seed by appellant, acted as a man of ordinary prudence in accepting the seed and planting them without first attempting himself to procure seed such as he contracted for in the lease; and that the rice grown upon the leased premises was of an inferior quality and of less value than it would have been had the rice furnished plaintiff been of the quality contracted for; and the evidence as to the quantity of rice produced and divided between the lessor and the lessee, and as to the difference between the value of the crop if the land had been planted in seed of the quality which the lessor had contracted to furnish, is amply sufficient to sustain the verdict awarding the plaintiff $322.02 damages, in compen-

sation for injury resulting to plaintiff in consequence of the failure of defendant to furnish plaintiff with the seed he agreed to furnish. From these conclusions of fact it follows that this award of the jury should not be disturbed, unless the same is contrary to law. And this brings us to the consideration of the defendant's demurrers. We think the court did not err in overruling the appellant's exceptions, general and special. This is not a case, in the opinion of this court, in which it is incumbent on the plaintiff to negative by proper averments in his pleadings contributory negligence on his part to the injury resulting to him, as he charges, from the alleged breach of the contract. It was the duty of the defendant, by the contract of lease, to furnish the seed to be planted upon the premises leased, and the petition avers that the seed contracted for were not delivered, and this averment is sufficient, although the petition is without averments acquitting plaintiff of negligence in not himself procuring seed such as were contracted for by the lease.

The further exception to the petition was that it claimed damages which, under the law, the plaintiff could not recover, as being remote and speculative. And it is insisted by appellant that the only damages to which plaintiff could be entitled, under any view of the allegations of the petition, would be the difference between the value of the seed furnished and the value of such as should have been furnished under the contract of lease. The law on this point seems to be that which was determined in the case of Hadley v. Baxendale, 9 Exch., and afterwards followed in the English courts and generally adopted in America. In that case it was held, "That upon a breach of a contract by one of the parties thereto, the damages which the other party ought to receive by reason of such breach, should be such as would fairly and substantially be considered as arising naturally, that is, according to the usual course of things, from such breach of the contract itself, or such as may reasonably be supposed to have been in contemplation of both parties at the time they made the contract, as the probable result of the breach of it." The damage arising from the breach of the contract of lease by the lessor, alleged in the petition, would, according to the usual course of things, be a crop of rice of inferior quality and of less value than would have been its quality and value had not such breach of the contract occurred, and therefore such damages, in presumption of law, as were in contemplation of both lessor and lessee at the time of the execution of the contract. We conclude, therefore, that the damages claimed by the plaintiff were such as under the averments of his petition he was entitled to recover, and that the amount awarded him is such as the evidence authorized the jury to give. As to the second count in the petition, from the view we take of the evidence, it becomes unnecessary to discuss or determine the question of law submitted by counsel in respect to this count. On the same day, the 28th of December, 1895, on which the contract of lease was entered into between the plaintiff and the defendant, another contract in writing was made between them; and by this contract, the plaintiff for a stipulated

salary, payable monthly, obligated himself to superintend, manage, and control the rice farm of the defendant, including that leased to plaintiff and to others, and that to be cultivated by the hands and teams of the defendant as well; and among other special stipulations made by the plaintiff in said contract, is this: "During the construction of canals, levees, twin levees, etc., the party of the second part (being the plaintiff in this suit) is to give his special attention to the construction of the same, and to see and to require them to be done to the best advantage possible."

On the trial the plaintiff testified that the cause of his not having sufficient water to prevent the loss of the crop of rice upon the sixty-four acres of land lying on the eastern portion of the farm was the defective construction of the twin levees extending from the western to the eastern portion of the farm; the defect being the insufficient height of the levees, by reason of the difference of the elevation of the western and eastern portion of the farm, to convey water in volume sufficient for irrigating the rice growing upon the sixty-four acres leased by appellee; the land in the eastern part of the farm being higher than that in the western, a great part of the water would overflow the levees before reaching the sixty-four acres. The plaintiff further testified that his employer furnished him with all the labor, teams, and tools he needed; and the evidence further showed that the pump erected by the appellant on the western part of the farm threw an ample supply of water into the canal constructed in connection with the levees. Thus the plaintiff is condemned out of his own mouth. If, as he testifies, the failure of water for irrigation resulted from a defect in the levees, the construction of which was to be done under his supervision, he himself, and not the defendant, was responsible for the loss of the crop. The judgment of the court will therefore be revised, and judgment here rendered that the appellee recover of the appellant the amount awarded the plaintiff by the jury under the first count in the petition, and that the appellee take nothing by his suit for loss of crop in 1896 on the sixty-four acres of land described in the petition, and alleged to have been leased by parol to him by the appellant in January, 1896, and that appellant recover the costs of this court.

*Reformed.*