The court did not err in refusing to give any of the special charges requested by appellant.

The judgment is affirmed.

---

CUMMER MFG. CO. v. LILLY.    (No. 6013.)

(Court of Civil Appeals of Texas. San Antonio. April 17, 1918.)

CORPORATIONS ⊚⟶503(2)—ACTIONS—VENUE.

Under Rev. St. 1911, art. 1830, subsec. 24, authorizing suits against a private corporation in any county wherein a part of the cause of action arose or it has an agency, it may be sued in a county wherein it failed to deliver goods pursuant to a contract made therein by its authorized agents and ratified without change.

Appeal from District Court, Frio County; Covey C. Thomas, Judge.

Suit by E. A. Lilly against the Cummer Manufacturing Company. From an order overruling its plea of privilege to be sued in another county, defendant appeals. Affirmed.

John D. Hartman, of San Antonio, for appellant. C. A. Davies, of San Antonio, and Frank H. Sweet, of Brownwood, for appellee.

FLY, C. J. This is a suit instituted by appellee to recover damages of appellant for failure to deliver 10,000 onion crates contracted by it to be delivered in Frio county. Appellant pleaded its privilege to be sued in Lamar county, Tex. The plea was overruled, and this appeal is from that order.

This case is similar to that of Cummer Manufacturing Company v. Kellam Bros., 203 S. W. 463, this day decided by this court, and every point in this case is decided in that case. It is not contended in this case, however, as in that, that changes were made in the contract between appellee and the agents by appellant. In the testimony it was admitted by appellant that it ratified the contract made between appellee and the agents without change. The authority of the agents to make the contract in Frio county was admitted. The cause of action arose in Frio county. The venue was in Frio county. Rev. St. art. 1830, subsec. 24. The evidence as to loss by appellee would not have prejudiced the cause of appellant.

The judgment is affirmed.