PITTMAN & HARRISON CO. v. BOATEN-HAMER et al.   (No. 1510.)

(Court of Civil Appeals of Texas.   Amarillo. March 26, 1919.   On Motion for Rehearing, April 16, 1919.)

1. APPEAL AND ERROR ⚙⟶442 — PLEA OF PRIVILEGE—EFFECT OF NOTICE OF APPEAL.

Where defendant corporation, sued for breach of implied warranty of seed sold by it, brought cross-action against another, from whom it purchased the seed, and the latter's plea of privilege was sustained, whereupon defendant excepted to and gave notice of appeal from the order sustaining the plea, it was not error to try the case before determination of the appeal from such order; the only effect of the notice of appeal being to suspend the transfer of the case to the county claimed in the plea of privilege, under Rev. St. 1911, art. 1903, as amended by Acts 35th Leg. c. 176 (Vernon's Ann. Civ. St. Supp. 1918, art. 1930).

2. VENUE ⚙⟶22(1)—JOINING ADDITIONAL DEFENDANT.

Defendant corporation, sued for breach of its implied warranty of seeds sold, could ·not properly join, by cross-action, another from whom it purchased the seed, and thereby defeat such other's privilege to be sued in his own county, the cause of action set up against such other arising under a different contract from that on which defendant was sued.

3. VENUE ⚙⟶78—CHANGE OF VENUE—EFFECT.

When a separate cause of action is improperly attempted to be joined by defendant's cross-action against an additional party, the transfer of the cause against such party to

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

⚙⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the county of his residence does not carry the original cause to such county.

**4. CORPORATIONS ⊜503(2)—ACTION—VENUE —BREACH OF WARRANTY.**

Under Rev. St. 1911, art. 1830, subd. 24, as to suits against private corporations, suit against defendant corporation for breach of implied warranty of kind of seeds sold by it was properly brought in the county where the seeds were planted and the damage from their failure occurred.

**5. PRINCIPAL AND AGENT ⊜143(2)—SUIT BY UNDISCLOSED PRINCIPAL.**

The undisclosed principal may sue a third party, with whom his agent has contracted, to enforce his rights under the contract so made.

**6. PLEADING ⊜34(7) — OBJECTION ON APPEAL.**

The objection, made by argument on appeal, that the fact that one of the defendants contracted with another defendant for plaintiff as the first defendant's undisclosed principal was not sufficiently pleaded, should be overruled, if all the pleadings, including the first defendant's pleadings and plaintiff's reply to plea of privilege of the second defendant, taken together, present such an issue.

On Motion for Rehearing.

**7. COURTS ⊜170—JURISDICTION OF COUNTY COURT.**

In action in county court for breach of implied warranty of seeds, a complaint alleging that if the seed had been as represented plaintiff would have produced five tons of broomcorn on his land, worth $200 a ton over and above all expenses of raising and harvesting, was not bad as in excess of jurisdiction of the county court; plaintiff not asking for judgment in excess of $1,000 and not asking for interest in any form.

**8. COURTS ⊜170—JURISDICTION—PLEADING.**

To render a complaint bad as asking recovery in excess of the court's jurisdiction, it must affirmatively appear that plaintiff sues for an amount in excess of the jurisdiction, and a prayer for general relief will be confined to that which the court has jurisdiction to grant.

Appeal from Clay County Court; E. W. Coleman, Judge.

Suit by J. P. Boatenhamer against Pittman & Harrison Company and another, in which the named defendant filed cross-action against James C. Hunt. From judgment for plaintiff against the named defendant, said defendant appeals. Affirmed.

J. A. L. Wolfe and French, Jones & Harney, all of Sherman, and W. G. Eustis, of Henrietta, for appellant.

Taylor, Allen & Taylor, Wantlant & Parish, and P. M. Stine, all of Henrietta, for appellees.

HUFF, C. J. Boatenhamer brought suit in Clay county against A. Snearly, a resident of that county, and Pittman & Harrison Company, a corporation, under the laws of Texas, with its principal office or place of business in the city of Sherman, Grayson county, Tex. It is alleged, in effect, that appellee applied to Snearly to purchase dwarf broomcorn seed for the purpose of planting 14 acres in dwarf broomcorn; that Snearly informed appellee he did not have such seed on hand, but could procure same for him in a few days by ordering them; Snearly applied to Pittman & Harrison Company for the seed, and in a few days thereafter procured them, and informed appellee that he had procured dwarf broomcorn seed, which appellee believed and paid therefor $1.75, and planted his 14 acres of land therewith, believing at the time the seed were as represented; that the seed came up, and and that appellee cultivated his land, believing at the time that the seed were dwarf broomcorn seed, and that it was not until September of that season, 1917, when and after the crop headed out, that he learned they were not as represented; the crop produced from the seed proved to be a blend or mixture of sorghum and broomcorn, and was not broomcorn, and not fit for use as broomcorn, nor as sorghum, and in fact was of no value for any use or purpose; that, if the seed had been broomcorn seed, he would have produced five tons on the land, which would have been of the value of $200 per ton, over and above all expenses of raising and harvesting. The appellant, Pittman & Harrison Company, answered by plea of privilege to be sued in Grayson county, alleging its principal office and place of business was in Sherman, Grayson county, and that it was a private corporation, duly incorporated under the laws of Texas, making the general necessary negative allegations as to the exceptions mentioned in articles 1830 or 2308 of the Revised Statutes. And subject to its plea of privilege, answered by general exception and general denial, and specially set up that the seed in question were purchased by it from James C. Hunt, a resident of Wichita county, Tex., who represented that the seed were dwarf broomcorn seed, and that appellant believed such representations to be true, and relied upon same in again selling the seed, by reason of which it is alleged Hunt is liable to appellant for any damages or judgment which might be rendered against it, praying that he be cited or made defendant, and that it have its judgment over against Hunt in accordance with its allegations. Hunt answered, interposing the plea of privilege to be sued in the county of his residence, Wichita county. This plea was in proper form. The appellee Boatenhamer controverted the appellant Pittman & Johnson Company's plea of privilege by a properly sworn reply, alleging that one of the exceptions to the right of appellant to be sued

in the county of its residence existed as provided in subdivision 24 of article 1830, R. C. S.; that appellant was a private corporation, and that the appellee's cause of action, or a part thereof, against appellant, arose in Clay county, alleging therein that, in response to the request of appellee for broomcorn seed, appellant shipped the defective and worthless seed described in the petition to Clay county, Tex., which were there delivered and paid for by appellee. The seed were planted in said county on appellee's farm, and a worthless crop of mixed broomcorn and sorghum was raised therefrom, which was cultivated in Clay county, and the damages sued for herein accrued in Clay county, and under such subdivision of the statute appellee had the right to sue the appellant in that county. At the time these pleas were filed, and also later, by an amendment, Snearly alleged that in ordering the seed he was acting as the agent of Boatenhamer; that at the request of the appellee he ordered from appellant the seed, and paid $1.75 to appellant therefor; that in due course of time appellant sent the seed to him, which he delivered to appellee Boatenhamer in the identical package in which appellant had shipped the same, and that he turned the same over to appellee for the same amount he paid, $1.75, without any charge or profit to himself. We find no controverting answer to Hunt's plea of privilege to be sued in Wichita county. The trial court sustained the plea of privilege filed by Hunt, reciting in the order that Hunt's plea of privilege was not controverted, and it was therefore sustained, and that the cause of action set up by appellant against Hunt be transferred to Wichita county, ordering proper transcript, etc. The appellant noted in the order that it excepted to the action of the court thereon, and gave notice of appeal to the Court of Civil Appeals for the Second Supreme Judicial District of Texas. The trial court submitted the case to the jury by a general charge, but first instructing the jury on the plea of privilege filed by appellant, and directed them, if they found in favor thereof, that they need not consider the charge on the other issues, but if they found against the plea then to consider the case on its merits under the charges following. The jury, by their verdict, specially find against the plea of privilege, and find a general verdict in favor of appellee against appellant for $500 damages, and by direction of the court found a verdict in favor of Snearly.

The first assignment, in effect, is that the uncontroverted evidence sustained the plea of privilege of appellant to be sued in Grayson county; that the seed were purchased there by Snearly by an order sent through the mail, and paid for by Snearly by check sent to appellant in Grayson county, and that no part of the transaction occurred in Clay county. The evidence shows an order addressed by Snearly at Henrietta to appellant at Sherman, which reads, "Please ship me one-half bushel of broomcorn by mail." This was shipped to him by appellant, with a charge of $1.75, which Snearly paid by check, sending it to appellant at Sherman. Snearly turned the seed over to appellee as received by him, appellee paying the amount Snearly had advanced, without any charge for his services or profit to himself. Both Snearly and Boatenhamer testified that when appellee called on him for the seed that he told appellee he did not handle broomcorn seed, but told him he would order it as a matter of accommodation, and that Snearly collected from appellee $1.75, without charging for his trouble or profit to him. The seed were shipped to Clay county, planted there on appellee's land, and the damages resulting from sending mixed seed occurred in Clay county. The appellant is a private corporation, with its office at Sherman, Grayson county, as alleged. The facts stated in the plea and the controverting answer thereto are substantially proven as pleaded as above stated.

[1-3] Before we notice the assignments as made, we perhaps should notice the contention, not properly raised by the brief, but suggested by argument, and possibly by an assignment; that is, that this case was prematurely tried because Hunt's plea of privilege was sustained; that exceptions were taken thereto and notice of appeal given. The order sustaining the plea of privilege was made December 4, 1917. The final judgment in this case was entered January 9, 1918. This appeal appears to be from both the order and the final judgment, and the bond is made payable to all parties. We find no assignment assailing the action of the court in sustaining Hunt's plea. Evidently under the statute, in the absence of a controverting answer, the action of the court was proper in sustaining Hunt's plea of privilege. The only effect of the notice of appeal was to suspend the transfer of the case to Wichita county until the final determination of such appeal. Article 1903, R. C. S., as amended by the 35th Legislature, Acts 1917, at page 388 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903). The cause of action set up by appellant against Hunt arose under a different contract from that sued on by appellee and could not be properly joined with the one set out by appellee; especially is this true if it would have the effect to defeat Hunt's privilege to be sued in his own county. Ry. Co. v. Boger, 169 S. W. 1096 (7). The appellant, by setting up an independent cause of action against an outside party, could not compel appellee to await final action on the plea of privilege therein before he could proceed upon the cause set up by him; certainly the transfer of the cause against Hunt would not carry the cause set up by appellee to Wichita county. We do not think the case of Hickman v. Swain, 106 Tex. 431, 167 S. W. 209, or Griffith v. Gohlman, 200 S. W. 233, can either

be said to go to the extent here contended or either support appellant's contention.

[4] Subdivision 24, art. 1830, R. C. S., applies in this case:

"Suits against any private corporation, association or joint-stock company may be commenced in any county in which the cause of action, or a part thereof, arose."

Venue may be laid in the county in which the contract was made or to be performed. The jury were authorized to find that Snearly, as agent for and acting for appellee, ordered through the mills the seed, and that appellant accepted the order, intrusting them to the same agent, to be delivered at Henrietta, Clay county. Without entering into a discussion of the subtleties of making a contract by two parties in different counties by letter as affecting the cause of action or a part thereof, as alleged in this case, we think it may be said that when appellee ordered a certain kind of seed, and appellant sent him through the mails, to be delivered to his address, the seed so ordered, there was an implied undertaking that the seed so delivered were the kind ordered. True, when appellant placed the seed in the post office at Sherman it accepted the order and consummated the contract, and it may be said that it at the same time breached its contract by sending seed not ordered. But this was not all of the cause of action. The contract, the breach, and the damages as well constituted the cause of action. It was said in Ry. Co. v. Hill, 63 Tex. 384, 51 Am. Rep. 642:

"This court has held that a cause of action consists as well of the right of the plaintiff as of the injury to that right. Phillio v. Blythe, 12 Tex. 127."

In the case referred to in the quotation, the court had under consideration an exception in the venue statute before a magistrate; that is where a cause of action accrued in a precinct other than that in which the defendant resided. In discussing this exception the court said:

"In what does a cause of action consist? It may be defined to consist as well of the right of the plaintiff in the action as of the injury to such right. In 1 Chitty on Pleadings, p. 288, the three principal points of a cause * * * are said to be the right, whether founded upon contract or tort, (2) the urging to such right, and (3) the consequent damages. It may be admitted that the terms 'cause of action' are sometimes used in a more limited sense, and that where the cause is founded on a contract the contract is itself denominated the cause of action; but more frequently, and where the terms are used with more precision and accuracy, the terms embrace a much wider scope, and include not only the contract, but its performance, if executory, and also the breach of such contract. For instance, the statute requires a plaintiff, in his petition, to set forth a full and clear statement of his cause of action. This requisition would not be filled by a bald statement of the term of the contract, if the contract lay at the foundation of the action. An averment of the performance of the contract by the plaintiff, of its breach by the defendant, and, according to Chitty, of the consequent damages, is equally essential with the statement of the terms of the contract itself, as, together, they contribute the body, or substance, of the cause of action. Is there any reason to believe that the Legislature in the justice's court act employed the terms in their more limited sense? I see none. They employed the phrase with reference, not only to cause of action in contracts, but also in torts independent of contract; and the definition must be sufficiently comprehensive to embrace causes of action of every description. * * * In mixed transactions of this kind, where the cause partly accrues in one place and partly in another, there is more reason why the suit should be brought at the place of performance than at any other locality. There the witnesses to prove the value of the work or its defects will most probably live; and it would be unreasonable that they should be dragged from their homes to remote precincts to testify when such inconvenience can be avoided. Besides, the performance, in a just sense, may be said to be the most essential constituent of the cause of action."

In this case, when the seed were ordered, appellant must have known that the order was of that kind which would produce after its kind; that they were for planting in Clay county, where they were to be delivered, and that it would be known at that place whether they were defective or of the kind ordered. They were ordered from Clay county, to be delivered in Clay county. It was there the damages occurred, as a result of the breach, whether the breach occurred in Grayson county or in Clay county, or whether the contract was consummated in Grayson or in Clay county. It was there the injury was inflicted and the damages occurred, the measure of which was that which appellee would have made but for the defective seed delivered. This subdivision of the statute has often been under discussion by the courts, and the question as to what is the cause of action or a part thereof, and where it arose, has also received frequent consideration. We will refer to some of the more recent cases, where many authorities may be found collated and cited in the opinions: Kell Milling Co. v. Bank, 155 S. W. 325; Wright v. Graves, 198 S. W. 998; Cummer Mnfg. Co. v. Kellam Bros., 203 S. W. 463; Cuero, etc., v. Feeders' Supply Co., 203 S. W. 79; Baker-Hanna & Co. v. Kempner, 204 S. W. 350; Cummer Mnfg. Co. v. Lilly, 204 S. W. 1010.

[5, 6] The second assignment is to the effect that the evidence shows that appellee had no contract with appellant of any kind, but that

he purchased from Snearly, and did not know from whom Snearly purchased. The jury found that Snearly was acting as the agent of Boatenhamer in the purchase of the seed, and both Snearly and Boatenhamer so testified. The undisclosed principal may sue a third party with whom his agent has contracted to enforce his rights under the contract so made. Kempner v. Dillard, 100 Texas, 505-510, 101 S. W. 437, 438, 123 Am. St. Rep. 822. The real difficulty in this case is not presented by assignment, but by argument; that is, that the petition does not sufficiently allege a contract so made. Under a general exception it may be inferred from the allegation that Snearly in ordering did so for appellant. However, there is no doubt under Snearly's pleadings that he ordered as agent of appellee, and also under appellee's reply to the plea of privilege it would appear that such was the effect of the allegations. We believe all the pleadings should be taken together, and that they clearly present the issue of a contract made for appellee by Snearly as his agent with appellant. We do not feel justified in holding after verdict that the pleadings are so defective that the judgment should be reversed.

We do not believe that there is reversible error shown under the third assignment.

The fourth and fifth assignments are not properly briefed. The objections to the charge are not set out, but in looking to the transcript we find only a general exception to the charges. It is not shown what the objections to the charge were at the time they were made.

The sixth assignment is not copied in the brief. However, we think the trial court gave the proper measure of damages in this case as applied to the facts. Hoopes v. East, 19 Tex. Civ. App. 531, 48 S. W. 764.

The seventh, eighth, ninth, and tenth assignments are overruled. These assignments present substantially the issues discussed by us under the first and second assignments.

The judgment will be affirmed.

## On Motion for Rehearing.

[7, 8] The only ground set up by the motion is that the county court did not have jurisdiction over the subject-matter. The appellees do not ask for judgment in excess of $1,000, and did not ask for interest in any form. It must affirmatively appear that plaintiff sues for an amount in excess of the jurisdiction of the court. All intendments of the plaintiff's pleadings will be held in favor of the jurisdiction of the court. Railway Co. v. Rayzor, 106 Tex. 544, 172 S. W. 1103. A prayer for general relief will be confined to that which the court has jurisdiction to grant.

Motion overruled.