### TEXAS SEED & FLORAL CO. v. HAIRRILL. (No. 1512.)

(Court of Civil Appeals of Texas. Amarillo. April 2, 1919. Rehearing Denied April 30, 1919.)

CORPORATIONS &⚏503(2)—VENUE—EFFECT OF DEFENSES.

Where broom corn seed was purchased to be delivered in the county of plaintiff's residence, in which county alleged fraudulent representations as to the kind and quality of the seed were made, the courts of that county on a plea of privilege by defendant corporation must be held to have jurisdiction of a suit for damages for fraud and deceit regardless of any defenses which defendant, though a nonresident of the county, might make as to the merits.

Appeal from Clay County Court; E. W. Coleman, Judge.

Action by J. J. Hairrill against the Texas Seed & Floral Company. A plea of privilege was denied, and defendant appeals. Affirmed.

Spence, Haven & Smithdeal and W. J. Rutledge, Jr., all of Dallas, for appellant.
Smoot & Smoot, of Wichita Falls, for appellee.

HALL, J. The following statement of the nature and result of the suit by appellant is adopted:

"This suit was filed in the county court of Clay county, Tex., by J. J. Hairrill, a resident of that county, against Texas Seed & Floral Company, a private corporation, organized and existing under the laws of the state of Texas, domiciled at Dallas in Dallas county, Tex., for the purpose of recovering an alleged sum as damages growing out of the sale of 200 pounds of broom corn seed. Plaintiff alleged that the defendant represented to him that it had for sale good, clean, marketable broom corn seed, suitable for planting and producing a crop of broom corn, and that the defendant agreed in writing to deliver to plaintiff such seed in Clay county, Tex., and that, acting under such representations, the plaintiff received the seed from the defendant and planted same in Clay county, Tex., but that the crop produced was not broom corn and was of no value, alleging his damages by reason of such facts to be the sum of $960. As an alternative count of plaintiff's petition, he alleged that the defendant made representations to him in Clay county that it had for sale a clean, productive quality of broom corn seed, and that such representations were not true and were made willfully and fraudulently by the defendant, and that the defendant delivered seed to the plaintiff of an entirely different kind than as represented, and that by reason of such facts the defendant was guilty of a fraud practiced upon plaintiff in Clay county, Tex., and plaintiff asked for his damages in the said sum of $960. To the petition of plaintiff so filed the defendant interposed a plea of privilege, claiming its right to be sued in the county court of Dallas county, at law, Dallas, Tex., which was a court having jurisdiction of plaintiff's suit in Dallas county, which was the county of the residence of the defendant. This plea was controverted by the plaintiff, as provided by article 1903, as amended in 1917 (Acts 35th Leg. c. 176 [Vernon's Ann. Civ. St. Supp. 1918, art. 1903]); the grounds of the controverting affidavit being: (1) The alleged agreement of the defendant to deliver the seed in Clay county, Tex., which constituted a contract performable in Clay county, Tex.; (2) the alleged fraudulent representations made by the defendant in Clay county, Tex., being a fraud practiced upon plaintiff by defendant in said county; and (3) because the matters alleged showed that the cause of action or a part thereof arose in Clay county, Tex. At the trial upon the plea of privilege by the county court, the plea was overruled, and the defendant has prosecuted this appeal from such ruling."

It will be seen from the above abbreviated statement of the issues that plaintiff's cause of action is one for fraud and deceit. The fraud is in matters of inducement. The plaintiff's evidence fully sustained his allegations of fraudulent representation. By these representations plaintiff was induced to make the purchase. It appears from the evidence introduced that in ordering the seed of appellant he used a printed order sheet, which we presume was furnished by appellant, and which contains in small type near the top of the sheet this recital:

"We give no warranty, express or implied, as to description, purity, productiveness or any other matter of any seed, plants or bulbs we send out, and we will not be in any way responsible for the crops grown therefrom. If the purchaser does not accept the goods on these terms

they are at once to be returned and the money that has been paid for the same will be refunded."

Plaintiff did not sue for a breach of this warranty, if indeed he is bound by it. The fact of the fraudulent representations which induced plaintiff to send in the order is nowhere denied. The fact of the warranty in determining appellant's liability upon a trial of the case upon the merits is an issue not raised by the plea of privilege and is not a matter which we can properly consider here. The existence of the warranty and its effect upon appellant's liability is not a question affecting the venue of an action based upon fraudulent representations leading up to the execution of a written order for the seed containing such a warranty. If in fact the representations were fraudulent and they were made in Clay county, and the other elements necessary to sustain an action of fraud and deceit exist, the courts of that county have jurisdiction, regardless of any defenses which appellant may have upon the merits of the controversy. We presume when its answer is filed appellant will deny the allegations of fraud. This would not deprive the courts of Clay county of jurisdiction. Should its answer further set up the warranty as a defense, we think the same rule would apply. Plaintiff would still be entitled to have such issues tried in the jurisdiction where his pleadings' and evidence show the fraud, if any, was perpetrated, and his cause of action, or a part thereof, arose.

In cause No. 1510, Pittman & Harrison Co. v. J. P. Boatenhamer, 210 S. W. 972, Chief Justice Huff, in an opinion delivered in this court, March 26, 1919, has discussed the application of subdivision 24, art. 1830, R. S., to cases of this character, and as it expresses the views of this court upon the remaining issue raised by appellant in its brief, the matter will not be further discussed here.

Upon the authority of that case and the decisions therein referred to as sustaining the holding, the decree of the trial court overruling the plea is affirmed.

