AUSTIN MILL & GRAIN CO. v. LAMBERT.*
(No. 6476.)

(Court of Civil Appeals of Texas. Austin.
Oct. 18, 1922. Rehearing Denied
Dec. 6, 1922.)

1. Sales ⬅411—Plaintiff seeking damages for delivering inferior seed wheat need not plead his probable course had he known of breach before planting.

In an action for damages for failure to deliver pure Mediterranean seed wheat contracted for, plaintiff *held* not required to plead or prove what he would have done had he known of the breach before planting, since, in view of the fact that he did not discover the breach until the crop was nearly ripe, it would have required proof of matters too remote and speculative.

2. Trial ⬅203(1)—Special instruction representing specific defense and embodying facts necessary to establish it not required except where defense is contributory negligence.

The rule requiring the court to give special charges presenting certain facts which, if determined to be true by the jury would establish a specific defense set up, is limited in its application to cases where contributory negligence is alleged, and in an action for furnishing an inferior grade of seed wheat it does not require the giving of a special instruction specifically presenting the defense that defendant did not contract to furnish the grade alleged or represent that delivered to be of such grade.

3. Trial ⬅260(1)—Special instructions held properly denied where covered by general instruction.

Charge to jury *held* to properly place on plaintiff the burden of establishing his case and to fully cover the subject of requested instructions warranting the court in denying such requested instructions.

4. Trial ⬅194(1), 244(2) — Special charges upon weight and giving undue prominence to evidence properly denied.

A party is not entitled to special charges which are on the weight of the evidence or which give prominence to each circumstance tending to support his cause or defense.

5. Limitation of actions ⬅127(4)—Amended petition amplifying former held not statement of new cause which was barred.

In an action for damages for furnishing an inferior grade of seed wheat, where plaintiff sued for the full damages in his own name, and later, after such action would ordinarily have been barred, filed an amended petition alleging that his right to full damages asserted in the first complaint was predicated in part on rights of his landlord which he had acquired, *held,* that he was not thereby stating a new cause of action which was barred, but merely amplifying his former pleading.

Brady, J., dissenting in part.

Appeal from District Court, Brown County; J. O. Woodward, Judge.

Action by B. F. Lambert against the Austin Mill & Grain Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Harrison & Cavin, of Brownwood, for appellant.

E. J. Miller and Wilkinson & McGaugh, all of Brownwood, for appellee.

BRADY, J. Appellee sued appellant for damages on account of the sale and delivery of seed wheat to be used by him for planting in the fall of 1918, which was alleged to have been of a character and kind different from that promised and purported to be sold. The damages sought was the difference between the value of the crop raised from the seed wheat delivered and planted and that which would have been raised had the character of seed wheat embraced in the verbal contract been in fact sold and delivered, less the difference in cost of harvesting, threshing, and marketing the respective crops.

Appellant answered by general and special exceptions, general denial, and special plea. There was a jury trial, and the verdict was for appellee in the sum of $700, for which the court entered judgment.

[1] The principal question presented for our decision is whether appellee should have been permitted to recover damages predicated upon the value of a crop raised from pure Mediterranean seed wheat, when he neither pleaded nor proved that he could and would have planted that character of seed had he known that appellant was delivering him seed of a different kind. This question was presented by general and special exceptions to the petition; by tender of proof that plaintiff could not and would not have raised a crop of the character upon which he predicated his damages had he had no dealings whatever with appellant; by exceptions to the court's charge; and by presenting a special charge.

Appellant's counsel concede that the measure of damages applied on the trial is, under the weight of authority, the correct one, provided appellee had pleaded and proved that he would have procured and planted Mediterranean seed wheat, if he had known that the seed wheat sold and delivered to him was not of the character as contracted for and represented. However, it is insisted that the damages allowed are in the nature of speculative gains and profits, and therefore not recoverable. That the damages here allowed are speculative is claimed because of the failure of appellee to plead or prove that he could or would have procured and planted Mediterranean, or pure Mediterranean, seed wheat had he had no dealings whatever with appellant, and had he known of the different kind of seed delivered him, and because of the proof offered by appellant that he could

not and would not have procured Mediterranean seed. In this state of the case, it is argued that such a crop could never have had any other than an ideal existence, and that to predicate damages thereon is utter speculation. The case cited as most nearly in point is Huyett-Smith Mfg. Co. v. Gray, 129 N. C. 438, 40 S. E. 178, 57 L. R. A. 193. In that case it was held that, since there was no dry kiln in the market of the capacity contracted for, it was an ideal machine which could have no market value, and therefore damages could not be fairly estimated upon the basis of market value. There it was held that the principal measure of damages would be the difference in value of the apparatus as delivered and the contract price. If we should concede the correctness of the doctrine announced in that case, under the particular facts, it is our conclusion that the principle is not applicable to the instant case under the facts here. There it was shown that the machine had no existence. It was not on the market in the year of the contract nor at the date of the trial. There is much force, it must be admitted, that in such circumstances no market value could be attributed to the machine. In the present case, however, there was such a thing as Mediterranean seed wheat, and it is shown in the record by the testimony of appellant's own witnesses that it had had such character of wheat in the preceding season, and had some left over, upon which it quoted a price to Mr. Taber, who was buying the wheat for appellee, at the time he was negotiating for the sale. It is further shown that appellee in the same year planted part of his land in that character of wheat, which he had procured from other sources. Other witnesses testified that there were several kinds of Mediterranean wheat. Therefore it cannot properly be said that the subject-matter of the contract had no existence, or that it must be regarded as ideal, and the value of a crop therefrom held to be no basis for estimating damages. Under the evidence, the jury were justified in concluding that appellant had sold appellee pure Mediterranean seed wheat, having an actual existence, and had represented it as such, but had delivered a different and inferior character of seed wheat.

This appears to us not to present a case of breach of warranty, properly speaking, but a breach of an express condition in the contract, and the measure of damages applied below seems to be in accord with the rule prevailing in this state and generally. Leading cases upon this subject are Hadley v. Baxendale, 9 Exch. 341; Jones v. George, 61 Tex. 345, 48 Am. Rep. 280; Railway v. Hill, 63 Tex. 381, 51 Am. Rep. 642; White v. Miller, 71 N. Y. 118, 27 Am. Rep. 13. The following additional Texas cases may be cited: Hoopes v. East, 19 Tex. Civ. App. 531, 48 S. W. 764; Am. Warehouse Co. v. Ray (Tex. Civ. App.) 150 S. W. 765; Tex. Seed & Floral

Co. v. Watson (Tex. Civ. App.) 160 S. W. 659.

In this case appellee did not discover that inferior grain was delivered, purporting to be pure Mediterranean seed wheat, until after it had been planted and his crop practically matured, and too late 'to take steps to procure the superior quality of seed wheat from which to raise a crop. We agree with appellee's counsel that it would be too remote and speculative to require appellee to plead and prove what he might have done if he had known of the breach of the contract at the time he planted the crop. The damages resulting from the breach would, according to the usual course of things, result in a crop of less value and inferior quality than would have resulted had appellant complied with its contract; therefore the damages awarded were, in presumption of law, in contemplation of both parties at the time of the contract. The measure of damages applied is that generally recognized as the legal measure, and, we think, was fair and reasonable under the circumstances of this case. Therefore we overrule the assignments raising this question.

[2] It is further complained that the court should have given certain special charges requested by appellant, and specifically presenting its defense that it did not contract to deliver Mediterranean seed wheat, and did not represent the grain delivered to be such. It is claimed that these special charges fall within the rule announced in G., C. & S. F. Ry. Co. v. Shieder, 88 Tex. 152, 30 S. W. 902, 28 L. R. A. 538; M., K. & T. Ry. Co. v. McGlamory, 89 Tex. 635, 35 S. W. 1058; M., K. & T. Ry. Co. v. Rogers, 91 Tex. 52, 40 S. W. 956; and similar cases. This court has frequently recognized and enforced the rule in question, but it is to be observed that the rule has generally been applied to cases in which the defenses sought to be embodied in special charges were not specifically covered by the main charge, and were interposed by special pleas, in avoidance of the case made by the plaintiff. For instance, in the three cases cited above, there were pleas of contributory negligence, and the Supreme Court held that it was the right of the defendants to prepare and demand the giving of a charge requiring the jury to find whether the evidence established the existence of any specified group of facts which, if true, would in law establish such plea, and instructing them, if they found such group of facts to be established by the evidence, to find for the defendants. My brethren are of the opinion that the rule should be limited to this class of cases, but I am not prepared to agree that the rule should be thus confined. I have in mind at least one case in which the Supreme Court has enforced the doctrine where the defense arose solely under the general denial. Western Union Tel. Co. v. Andrews, 78 Tex. 305, 14 S. W. 641.

[3] The defense embodied in the special in-

structions here was strictly responsive to the case made by appellee, the plaintiff, and was predicated upon the general denial. Therefore, if the rule is to be limited as thought by the majority of the court, it has no application in this case, and it was not error to refuse the special charges, since the court had correctly charged the law on this issue in the general charge. However, there are other grounds upon which we all agree it must be held that the trial court did not err in refusing to give the special charges.

In the McGlamory and other like cases it is recognized that, if the court has substantially and sufficiently covered the issue sought to be embodied in the special charge, the court is under no duty to give the latter. In this case the court charged the jury as follows:

"Now, if you believe from the evidence in this case that defendant agreed to sell plaintiff, or represented to plaintiff that it was selling him, pure Mediterranean seed wheat, but that it in fact sold him a different and inferior character of seed wheat, and if you further believe from the evidence that the crop raised by plaintiff from the seed wheat sold to him by defendant was of less value than the crop he would have raised had defendant sold to him the character of seed wheat it agreed to sell or represented that it was selling him, then you will find a verdict in this case for the plaintiff unless you should find for defendant under other portions of this charge, or under any of the special charges submitted to you by the court."

In a subsequent portion of the charge the jury were instructed as follows:

"Defendant denies that it agreed to sell or represented it was selling plaintiff pure Mediterranean seed wheat and all the other allegations in plaintiff's petition. Now, if you believe from the evidence in this case that defendant did not agree to nor represent that it was selling to plaintiff pure Mediterranean seed wheat, then you will find a verdict for the defendant. Or, if you believe from the evidence that the crop raised by plaintiff from the seed sold by defendant was equal in value to what plaintiff would have raised had defendant sold him pure Mediterranean seed wheat, then you will return a verdict for defendant."

The burden was properly placed upon the plaintiff to establish his case under these paragraphs, as well as upon the whole case. Therefore, giving full effect to the rule announced in the McGlamory Case, we are of the opinion that the main charge covered the defense embodied in the special charges requested, and certainly as favorably to the appellant as the special instructions were. The rights of appellant were fully safeguarded in the main charge, and there was no error in refusing the special instructions.

[4] There is an additional ground upon which we think the court properly refused to give the special charges in question. In the McGlamory Case it is specially laid down

245 S.W.—49

that the rule does not entitle a litigant to special charges which are upon the weight of, or which give prominence to each circumstance introduced tending to support his cause of action or defense, but requires him, at his peril, to present a correct charge presenting the fact or group of facts tending to establish some material issue. It is our opinion that both the special charges under discussion offend against this qualification of the rule. They are both upon the weight of the evidence and argumentative in character. For the reasons indicated, the assignments in relation to these special charges are overruled.

[5] Other assignments relate to the exception and plea of limitation introduced by appellant. Specifically it is claimed that appellee filed his original petition November 25, 1919, and his amended petition May 20, 1921, which latter pleading for the first time embraced a cause of action charged to have been acquired by appellee from J. W. Taber, who was his landlord, and who had originally an interest in the crop raised and to be raised upon the land. If the cause of action acquired under assignment from Taber was not asserted until the filing of the amended petition, it is practically conceded that so much of the damages were barred by limitation. An examination of the pleadings discloses that in the original petition appellee declared upon the same contract made for him by and through J. W. Taber as in the amended petition, and alleged his damages at the same amount and in the same terms, and prayed for recovery of the entire damages caused by the breach. It is shown that prior to the filing of his original petition he had acquired the interest of his landlord, and owned the cause of action for all the damages. The amended petition, in this respect, differs from the original only in the fact that he did not state in his first petition specifically by what right he claimed the entire damages. We are of the opinion that the amended pleading did not set up any new cause of action, but was merely an amplification of the former pleading, or rather made more specific the right by which he was entitled to recover the whole damages. In support of this holding, we refer to the following authorities: Townes' Texas Pleading (2d Ed.) p. 457; Horse Co. v. Evans (Tex. Civ. App.) 190 S. W. 795; Railway v. Bracht (Tex. Civ. App.) 157 S. W. 269; Kirby Lbr. Co. v. Cummings, 57 Tex. Civ. App. 291, 122 S. W. 273. It follows that the assignments complaining of error in respect to limitation should be, and they are, overruled.

There are other interesting questions presented in the brief to which we have given careful consideration, but for lack of time they will not be discussed. They are all believed to be without merit, and are overruled.

Finding no reversible error, the judgment will be affirmed.

Affirmed.