B. W. PETTY, Appellant,

v.

G. A. CAMPBELL and R. L. Campbell, Appellees.

No. 4584.

Court of Civil Appeals of Texas.

Waco.

Jan. 12, 1967.

David D. Adams, Nacogdoches, J. Albert Dickie, Gatesville, for appellant.

Dunnam, Dunnam & Dunnam Robert M. Campbell, Waco, for appellees.

## OPINION

McDONALD, Chief Justice.

This is a venue case involving subdivision 7, Article 1995 Vernon's Ann.Tex.Civ.St. Plaintiffs Campbell sued defendant Petty, alleging sale by defendant and purchase by plaintiffs of 5400 chickens in Coryell County; that defendant represented and warranted to plaintiffs in Coryell County the chickens were clean and disease free; that plaintiffs relied on such warranty; that defendant knew, or should have known, the chickens were diseased at the time; that the chickens were diseased with leucosis and commenced dying the day after the sale; that defendant's breach of warranty constituted fraud committed on plaintiffs in Coryell County. Plaintiffs prayed for actual and punitive damages.

Defendant filed plea of privilege to be sued in Nacogdoches County, the place of his residence. Plaintiffs filed controverting plea, alleging venue in Coryell County by virtue of Subdivision 7, Article 1995 V.A.T.S., in that defendant committed a fraud in Coryell County, which resulted in injuries and damages to plaintiffs.

The trial court, after hearing, overruled defendant's plea of privilege.

Defendant appeals, contending the trial court erred in overruling his plea of privilege, asserting the contract to sell the chickens was made in Nacogdoches County; that fraud, if any, was committed in Nacogdoches County; and there is no evidence of any fraud committed in Coryell County.

Plaintiff G. A. Campbell went to Nacogdoches to look at chickens owned by defendant. Defendant represented that his chickens were clean and disease free. Plaintiff paid $1,000 as earnest money for a future purchase and delivery of chickens, but the "deal would be after—on delivery" of the chickens, in Coryell County. Thereafter, defendant brought the chickens to Coryell County and again represented them as disease free. Plaintiffs accepted the chickens and paid defendant $5,905 additional money. The next day the chickens commenced to sicken and die and were diagnosed by the veterinary as affected with leucosis. On the trial defendant admitted he knew there were chickens on his farm with leucosis, and that before delivering the chickens to plaintiffs he had culled some out which had symptoms of leucosis.

Subdivision 7, Article 1995 V.A.T.S. provides:

"In all cases of fraud * * *, suit may be brought in the county where the fraud was committed * * *."

Plaintiffs alleged and proved fraud committed in Coryell County. Plaintiffs' suit is maintainable in Coryell County under Subdivision 7. Austin Bros. v. First Baptist Church, CCA, 77 S.W.2d 891; Cockburn v. Less, CCA (Er. Dis. w. o. j.), 257 S.W. 2d 470; Texas Seed & Floral Co. v. Hairrill, CCA (nwh), 211 S.W. 539; Howe Grain & Merc. Co. v. Galt, (nwh), 32 Tex. Civ.App. 193, 73 S.W. 828. Defendant's points and contentions are overruled.

Affirmed.