Albert IVY, Appellant,

v.

Moody BENNETT, Appellee.

No. 6318.

Court of Civil Appeals of Texas,
El Paso.

March 28, 1973.

Rehearing Denied April 25, 1973.

Petry, Moorhead & Petry, Herbert C. Petry, Jr., Dean Moorhead, Carrizo Springs, for appellant.

Holvey Williams, Collins, Langford & Pine, John A. Langford, Odell S. Holmes, Jr., El Paso, for appellee.

## OPINION

RAMSEY, Chief Justice.

This is a venue case. Moody Bennett, Plaintiff-Appellee, brought suit against Albert Ivy, d/b/a Evergreen Farms, for damages arising out of the sale of onion plants. The trial Court entered judgment denying the Defendant's plea of privilege. We affirm.

The Defendant presents two points of error. The first complains that the proof submitted to the Court was not sufficient to satisfy the requirements of Subdivision 7 of Art. 1995, Vernon's Ann.Tex.Civ.St. The second point of error complains that the trial Court's ruling is so contrary to the great weight and preponderance of the evidence that it is clearly wrong.

The facts briefly stated are that the Defendant resides in Dimmit County, the Plaintiff resides in Presidio County. The Plaintiff alleges that the Defendant made false representations to him in Culberson County where the suit was filed. The allegations are to the effect that the Plaintiff was purchasing onion plants from the Defendant which were represented to Plaintiff as being healthy and disease free. Plaintiff alleges that the onions were infected with "pink root" disease which affected the growth and yield of the plants resulting in actual damages. The Plaintiff based his cause of action on fraudulent representations, breach of express and im-

plied warranties. Plaintiff seeks to maintain venue in Culberson County under Subdivision 7, Art. 1995, V.A.T.C.S.

In reviewing this record, this Court must be guided by the rules of Compton v. Elliott, 126 Tex. 232, 88 S.W. 2d 91 (Tex.Com.App.1935) and Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97 (1953). The Plaintiff testified that the representation was made to him in Culberson County that the plants were healthy and disease free. Testimony was introduced, and admitted by the Defendant, as to incidents of pink root disease at his farm where the onion plants were grown prior to being sold to the Plaintiff. The plants were set out in virgin soil on Plaintiff's farm. Expert testimony was introduced on hypothetical questioning as to the probability of the existence of the disease in the plants. The Plaintiff testified to his reliance on the representations and the resulting damages. The extent of the injury or damage, however, constitutes no part of the venue fact. Spoon v. Penix, 422 S.W.2d 167 (Tex.Sup. 1967). We conclude that there is sufficient evidence to support the trial Court's judgment. Petty v. Campbell, 410 S.W.2d 816 (Tex.Civ.App., n. w. h.).

The judgment of the trial Court is affirmed.